| Summons | CIVIL DOCKET NO. | Trial Court of Massachusetts |
|---|---|---|
| **(L.S.)** CASE NAME- | 2183CV00257 | The Superior Court |

WILLIAM LEEGRANT II
Plaintiff(s)

VS.

JOSEPH F. DUNFORD JR.
Defendant(s)

| Robert S. Creedon, Jr. | Clerk of Courts |
|---|---|
| Plymouth | County |

COURT NAME & ADDRESS:

Plymouth Superior Court
72 Belmont Street
Brockton, MA. 02301

THIS SUMMONS IS DIRECTED TO JOSEPH F. DUNFORD JR. (Defendant's name)

14 12TH ROAD                            1810 COOL SPRING DRIVE
MARSHFIELD, MASSACHUSETTS 02050    ALEXANDRIA, VIRGINIA 22308

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the  Plymouth Superior     Court.

### YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. **How to Respond.**

To respond to this lawsuit; you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business,  Plymouth Superior     Court 72 Belmont Street, Brockton, MA. 02301          (address), by mail or in person **AND**

b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:

> **EXHIBIT A**

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the idea(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your answer.

**DEPUTY SHERIFF**

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. Required Information on All Filings:

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant _____, Chief Justice on _____, 20____, (Seal)

Clerk-Magistrate _____

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____. I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____     Signature: _____

N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: _____

(85) EASTERN DISTRICT OF VIRGINIA JUDGE ROSSIE
D. ALSTON (20-CV-273) DISMISSED MR. GRANT'S LAWSUIT
AT THE DIRECTION OF SIX KNOWN MEMBERS OF THE U.S. DEPT.
OF DEFENSE ~

# COMMONWEALTH OF MASSACHUSETTS
# SUPERIOR COURT FOR PLYMOUTH COUNTY

WILLIAM LEE GRANT II
PLAINTIFF

DOCKET # 2183CV0257

v.

JOSEPH F. DUNFORD JR.
DEFENDANT

14 12TH ROAD
MARSHFIELD, MA 02050

REC. 4/6/21

## ACTIONS OF REAGAN'S CHIEF OF STAFF (AORCOS) COMPLAINT

### COMPLAINT

1) MR. GRANT HAS A CAUSE OF ACTION AGAINST
JAMES A. BAKER III AND SIX KNOWN MEMBERS
OF THE U.S. DEPARTMENT OF DEFENSE PURSUANT
TO:

**Civil Conspiracy**
*See* Adcock v. Brakegate, Ltd., 645 N.E. 2d. 888 (1994).

**Abuse of process**
*See* Holiday Magic, Inc. v. Scott, 282 N.E. 2d 452 (IL App. Ct. 1972).

**False imprisonment**
*See* Heck v. Humphrey, 512 U.S. 477, 484

**Invasion of Privacy**
*See* Green v. Chicago Tribune Co., 675 N.E. 2d 249 (Ill. Ct. App. 1996)

**Negligent Entrustment**

*See* Norskog v. Pfiel, 197 Ill. 2d. 60 (2001).

**Intimidation** (720 ILCS 5/12-6(a)(1)

**Retaliatory discharge**
*See* Taylor v. Board of Education of Chicago, 2014 IL App. (1st) 123744

**Unlawful restraint**
*See* Florida v. Bostick, 501 U.S. 429 (1991).

**Predator Protection Act**
*See* 740 ILCS 128/20

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

APR - 6 2021

Clerk of Court

**Fraud**
*See* Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238 (1944).

**Authorized Assault**
*See* Meerbrey v. Marshal Field & Co., 139 Ill. 2d 455 (1990).

*See* Heskett v. Fisher Laundry & Cleaners Co., 230 S.W. 2d 28 (Ark. 1950).

"Savings Statute" (735 ILCS 5/13-217)

(1)

 

COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY





...te Ltd., 645 N.E.

2) Equitable Tolling is applicable:

a) Mr. Grant was under the threat of military force to not begin his lawsuit until May of 2016;

See Ralda-Sanden v. Sanden, 2013 IL App. (1st) 121117.

See Atwater v. Atwater , 18 Ill. App. 3d 202 (1974).

See Slavis v. Slavis, 12 Ill. App. 3d 467 (1973).

b) the Illinois Central District Clerk of Court was directed by Six Known Members of the U.S. Department of Defense not enter default (Fed. R. Civ. P. 55(a) against the U.S. Department of Justice and State of Illinois in 16-cv-3245, 17-cv-3261, and 19-cv-3001;

See Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238 (1944).

c) Illinois Central District Judges: Colin S. Bruce (16-cv-3245 and 17-cv-3261) and Joe Billy McDade (19-cv-3001) dismissed Mr. Grant's lawsuits in the Illinois Central District at the direction of Six Known Members of the U.S. Department of Defense; and

See Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238 (1944).

d) Seventh Judicial Circuit of Illinois Judge Brian T. Otwell dismissed Mr. Grant's lawsuit (17-MR-754) at the direction of Gregory K. Harris.

See Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238 (1944).

3) Equitable Tolling is applicable under the Continuing Violations Doctrine:

a) James A. Baker III, President George H.W. Bush's Secretary of the U.S. Department of State and White House Chief of Staff;

b) William Pelham Barr, President George H.W. Bush's Attorney General of the United States;

c) Six Known Members of the U.S. Department of Defense;

d) Gregory K. Harris, agent of Six Known Members of the U.S. Department of Defense, and Assistant U.S. Attorney for the Illinois Central District;





COMMITTEE ON TRANSNATIONAL THREATS
OPERATION HOMETOWN GLORY

e) officials and employees of the State of Illinois have:

f) engaged in a thirty (30) year conspiracy of tortious activity towards Mr. Grant beginning in 1990;

g) Ryan Croke, Deputy Chief of Staff and Chief of Staff to Illinois Governor Patrick J. Quinn joined the conspiracy against Mr. Grant beginning in 2010; and

h)  Patrick J. Quinn, Governor of Illinois from 2009 until 2015 joined the conspiracy against Mr. Grant beginning in 2014.

*See* Field v. First Nat. Bank of Harrisburg, 619 N.E. 2d 1296 (Ill. App. Ct. 1993).

*See* Feltmeier v. Feltmeier, 798 N.E. 2d 75 (Ill. 2003).

*See* Pinkerton v. United States, 328 U.S. 640 (1946).

<u>SAVINGS STATUTE - 735 ILCS 5/13-217</u>

4) Mr. Grant began his lawsuit in May of 2016 in the Illinois Central District. Mr. Grant's complaint is not time barred pursuant to 735 ILCS 5/13-217 ("Savings Statute").

   a) Illinois Central District Judge Colin S. Bruce (16-cv-3132) dismissed Mr. Grant's complaint declaring Mr. Grant filed his lawsuit in the wrong court in 2016;

   b) Illinois Central District Judge Colin S. Bruce declared in 16-cv-3245 the court lacked in personam jurisdiction;

   c) The Illinois Court of Claims (18cc0946 and 18cc1057) dismissed Mr. Grant's complaints based on jurisdiction in 2018;

   d) District of Nebraska Judge Richard G. Kopf (18-cv-246, 18-cv-247, and 19-cv-559) dismissed Mr. Grant's complaint for improper venue in 2020; and.

   e) Southern District of Texas Judge David S. Morales (20-mc-871) dismissed Mr. Grant's complaint for lack of jurisdiction on December 11, 2020.

5) Mr. Grant began his lawsuit in May of 2016 in the Illinois Central District (16-cv-3132). Illinois Central District Judge Colin S. Bruce (16-cv-3132) claimed Mr. filed his case in the wrong court.

<u>UNLAWFUL DETAINMENT STATUTE OF LIMITATIONS</u>

6) Mr. Grant is within the statute of limitations pertaining to the claim of unlawful detainment. James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense lacked probable cause to detain Mr. Grant in Illinois. Mr. Grant is still being unlawfully detained in Illinois by Six Known Members of the U.S.

  ③ 

COMMITTEE ON TRANSNATIONAL THREATS
OPERATION HOMETOWN GLORY

Department of Defense. The statute of limitations does not accrue until the unlawful detainment has ceased.

*See* Manuel v. Joliet, 580 U.S. (2017).

7) Mr. Grant's allegations are deemed admitted as true by the U.S. Department of Justice (DOJ) and State of Illinois' default history:

   a) the DOJ and State of Illinois defaulted in 16-cv-3245 and 17-cv-3261 in the Illinois Central District (ILCD);

   b) the DOJ defaulted and failed to appear in 19-cv-3001 in the Illinois Central District;

   c) the State of Illinois defaulted and failed to appear in 18-L-202 in the Seventh Judicial Circuit of Illinois; and

   d) default was entered against the State of Illinois in 20-cv-173 in the Eastern District of Virginia.

**EVHIBIT #1**

*See* Eckel v Bynum, 240 Ill. App. 3d. 867.

*See* Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d. 1353, 1357 (S.D. Ga. 2004).

*See* Nishimatsu Constr. Co. v. Houston Nat. Bank, 515 F. 2d. 1200, 1204 (5th Cir. 1975).

*See* Descent . Kolitsidas, 396 F. Supp. 2d. 1315, 1316 (M.D. Fla. 2005).

8) VENUE IS PROPER PURSUANT TO: G.L.C. 223, s.1 ~~IL~~

9) JOSEPH F DUNFORD JR. IS A RESIDENT OF MASSACHUSETTS.

10) The State of Illinois waived sovereign immunity by consenting to 16-MR-643 being removed from the Seventh Judicial Circuit of Illinois to the Illinois Central District as 16-cv-3245 and 17-cv-3261.

11) Patrick J. Quinn, Governor of Illinois from 2009 until 2015; Ryan Croke, Illinois Governor Patrick J. Quinn's Deputy Chief of Staff and Chief of Staff from 2009 until 2015; and Illinois State Police Trooper Tyler Price are not shielded by sovereign immunity as they demonstrated wilful and wanton disregard for the law of Illinois, and




④

COMMITTEE ON TRANSNATIONAL THREATS
OPERATION HOMETOWN GLORY

deprived Mr. Grant of his rights as a citizen of the United States under the color and authority of state law.

*See* Johnson v. Lankford, 245 U.S. 541 (1918). SEE 42 USC 1985(3)

*See* Scheuer v. Rhodes, 416 U.S. 232 (1974).

12) Mr. Grant has a cause of action (Count I) against James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense for conspiracy:

    a)   thirty (30) years of unlawful detainment and unlawful restraint; — SEE U.S. CONST. AMEND IV; SEE U.S. CONST. AMEND V; SEE U.S. CONST. AMEND VIII

    b)  assault and battery; — SEE U.S. CONST. AMEND VIII

    c)  intimidation;

    d)  invasion of privacy; — SEE U.S. CONST. AMEND IV

    e)  unlawful arrest; — SEE U.S. CONST. AMEND IV

    f)  denial of Due Process; — SEE U.S. CONST. AMEND V

    g)  denial of Equal Protection of The Law; and — SEE U.S. CONST. AMEND XIV

    h)  retaliatory discharge.

13) Mr. Grant has a cause of action ~~(Count II)~~ against Patrick J. Quinn and Ryan Croke for conspiracy:

    a)  whistleblower retaliation (5 ILCS 430/15-10);

    b)  retaliatory discharge;

    c)  denial of Due Process; and

    d)  denial of Equal Protection under the Law — SEE U.S. CONST. AMEND XIV

14) Mr. Grant has a cause of action ~~(Count III)~~ against Ryan Croke for invasion of privacy.

15) Mr. Grant has a cause of action ~~(Count IV)~~ against Tyler Price for conspiracy:

    a)  Assault and battery; SEE U.S. CONST. AMEND IV

    b)  Unlawful restraint; and

    c)  denial of due process and equal protection of law. — SEE U.S. CONST. AMEND XIV

<div align="center">

**BACKGROUND**

</div>

16) James A. Baker III entered into a conspiracy with William Pelham Barr, and Six Known Members of the U.S. Department of Defense to unlawfully detain Mr. Grant in Illinois for nearly thirty (30) years under threat of military force beginning in 1992.

    a)  Due Process and Equal Protection - Illinois Constitution Article I, Sect. II

    b)  Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994);

  

COMMITTEE O██ ██SNATIONAL THREATS
OPERATION: ████TOWN GLORY

*SEE U.S. CONST. AMEND VIII*

   c) Unlawful restraint - *See* Florida v. Bostick, 501 U.S. 429 (1991); and

   d) False imprisonment - *See* Heck v. Humphrey, 512 U.S. 477, 484

*SEE U.S. CONST. AMEND. IV ; SEE U.S. CONST. AMEND XIV*

17) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense entered into a conspiracy with Illinois Governor James 'Jim' Edgar in 1992 to have the State of Illinois provide employment opportunities ("State jobs") and tuition waivers to individuals who reported the words and actions of Mr. Grant to Gregory K. Harris, and conspired against Mr. Grant at the direction of Gregory K. Harris.

   a) Searches, Seizures, Privacy and Interceptions - Illinois Constitution Article I, Section VI;

   b) Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994);

*SEE U.S. CONST. AMEND IV*

18) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense trafficked Mr. Grant to Springfield, Illinois from the Pentagon in Virginia in 1992, and left Mr. Grant with ~~Dr. Bill Grant~~ and Armenta Johnson to be:

   a) beaten;

   b) endure psychological warfare; and

*SEE U.S. CONST. AMEND VIII .*

   c) the U.S. Department of Defense's Witness to the 9/11 Terrorist Attacks

     *See* 740 ILCS 128/20 (Predator Protection Act).

     *See* Florida v. Bostick, 501 U.S. 429 (1991) - (Unlawful restraint).

     *See* Heck v. Humphrey, 512 U.S. ~~477, 484~~ (False Imprisonment).

*SEE U.S. CONST. AMEND. V ;*
*SEE 18 USC 1595 - PEONAGE, SLAVERY + HUMAN TRAFFIC-*
                NEGLIGENT ENTRUSTMENT       *KING*

19) William Pelham Barr, Attorney General of the United States under President George H.W. Bush negligently entrusted Gregory K. Harris with the power and authority of the Illinois Central District U.S. Attorney's Office and Illinois Central District Federal Bureau of Investigation to conspire against Mr. Grant.

     See Norskog v. Pfiel, 197 Ill. 2d. 60 (2001).

*SEE BIVENS v. SIX UNKNOWN NAMED AGENTS,*
*403 U.S. 388 (1971).*

 

COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: BOSTON TOWN GLORY

**RESPONDEAT SUPERIOR**

*8) JAMES A. BAKER III WAS WILLIAM P. BARR AND SIX KNOWN MEMBERS OF THE U.S. DEPT. OF DEFENSE'S "BOSS" AS RONALD REAGAN AND GEORGE H. W. BUSH'S WHITE HOUSE CHIEF OF STAFF*

20) William Pelham Barr as a member of the conspiracy with James A. Baker III and Six Known Members of the U.S. Department of Defense:

    a) placed Gregory K. Harris on the payroll of the Illinois Central District U.S. Attorney's Office to illegally surveil and conspire against Mr. Grant;

    b) William Pelham Barr directed the Illinois Central District U.S. Attorney's Office and Illinois Central District Federal Bureau of Investigation to cooperate with Gregory K. Harris' implementation of the conspiracy masterminded by James A. Baker III against Mr. Grant;

    c) acquired the cooperation of Illinois Governor James 'Jim' Edgar to acquire the cooperation of officials and employees of the State of Illinois; and

    d) acquired the cooperation of Illinois Governor James 'Jim' Edgar in providing Gregory K. Harris with jobs (State of Illinois employment opportunities) and tuition waivers to distribute to individuals who conspired against Mr. Grant at the direction of Gregory K. Harris.

    *See* Norskog v. Pfiel, 197 Ill. 2d. 60 (2001).

21) James A. Baker III, William Pelham Barr and Six Known Members of the U.S. Department of Defense are liable for the unlawful and conspiratorial actions of Gregory K. Harris against Mr. Grant under respondeat-superior (vicarious liability):

    a) Gregory K. Harris as an agent of Six Known Members of the U.S. Department of Defense;

    b) Gregory K. Harris took his directions ("orders") from Six Known Members of the U.S. Department of Defense;

    c) Gregory K. Harris was on the payroll of the Illinois Central District U.S. Attorney's Office;

    d) Gregory K. Harris was paid through the Illinois Central District U.S. Attorney's Office "regular" payroll;

    e) Gregory K. Harris was provided office space in the Illinois Central District U.S. Attorney's Office by William Pelham Barr; and

 

(7)

COMMITTEE ON NATIONAL THREATS
OPERATION: HOMETOWN GLORY

f) William Pelham Barr directed the Illinois Central District U.S. Attorney's Office and Illinois Central District Federal Bureau of Investigation to cooperate with Gregory K. Harris' unlawful endeavor;

g) William Pelham Barr, James A. Baker III, and Six Known Members of the U.S. Department of Defense acquired to cooperation of Illinois Governor James 'Jim' Edgar;

h) William Pelham Barr had the ability to terminate Gregory K. Harris' employment as Attorney General;

i) Six Known Members of the U.S. Department of Defense have the ability to terminate Gregory K. Harris' employment through the Attorney General of the United States, and through the Illinois Central District U.S. Attorney.

*See* Merlo v. Public Service Co., 381 Ill. 300, 45 N.E. 2d 665 (1942)

*See* Gundich v. Emerson-Comstock Co., 21 Ill. 2d 117 (1960).

<u>JOINT TORTFEASORS</u>

22) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense are joint tort-feasors, and as joint tort-feasors are:

a) liable for the actions of Gregory K. Harris; and

b) liable for the actions of official and employees of the State of Illinois directed by Gregory K. Harris in furtherance of the conspiracy masterminded by James A. Baker III

*See* Woods v. Cole, 693 N.E. 2d 333 (Ill.1998).

SEE PINKERTON v. UNITED STATES, 328 U.S. 640 (1946).

<u>AUTHORIZED ASSAULT</u>

23) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense authorized the tortious actions of Gregory K. Harris against Mr. Grant.

*See* Collier v. Wagner Castings Co., 408 N.E. 2d 198 (Ill. 1980).

*See* Jablonski v. Multack, 380 N.E. 2d 924 (Ill. App. Ct. 1978).





COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMEGROWN GLORY

*See* Heskett v. Fisher Laundry & Cleaners Co., 230 S.W. 2d 28 (Ark. 1950).

SEE U.S. CONST. AMEND VIII

## ASSAULT AND BATTERY

24) Mr. Grant has a cause of action against James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense for civil battery. The elements of civil battery are:

   a) the willful touching of another person;

   b) intended to cause an unpermitted act; and

   c) absence of victim's consent.

*See* Pechan v. Dynapro, Inc., 622 N.E. 2d 108 (Ill. App. Ct. 1993).

25) The Illinois Compiled Statutes defines battery as:

   a) A person commits battery of he or she knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual.

   *See* 720 ILCS 5/12-3. Battery

26) Mr. Grant has a cause of action against James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense for assault. The elements of assault include:

   a) intentional, unlawful offer of corporal injury by force, or force unlawfully directed;

   b) to create a well-founded fear of imminent peril; and

   c) the apparent present ability to effectuate the attempt if not prevented.

   *See* Parrish v. Donahue, 443 N.E. 2d 786 (Ill. App. Ct. 1982).

27) The Illinois Compiled Statutes defines assault as:

   a) A person commits an assault when, without lawful authority, he or she knowingly engages in conduct which places another in reasonable apprehension of receiving a battery.

   *See* 720 ILCS 5/12-1. Assault

28) Gregory K. Harris systematically directed private citizens to engage in assault and battery of Mr. Grant:






COMMITTEE O... ...SNATIONAL THREATS
OPERATION: ...ETOWN GLORY

a) Gregory K. Harris directed Mr. Grant's dentists to drill the enamel off Mr. Grant's teeth beginning in 1992; *SEE US. CONST, AMEND VIII*

*SEE US, →*
*CONST,*
*AMEND*
*VIII*

b) Gregory K. Harris directed Mr. Grant's optometrist to give Mr. Grant an incorrect prescription lens to diminish Mr. Grant's vision in 1995;

c) Gregory K. Harris directed Mr. Grant's orthodontist to drill the enamel off Mr. Grant's teeth from 1998 to 2000; *SEE US, CONST, AMEND VIII*

d) Gregory K. Harris directed Mr. Grant's chiropractor to break Mr. Grant's shoulder blade in 2012; and *SEE US, CONST, AMEND VIII*

e) Illinois State Police Trooper Tyler Price extracted Mr. Grant's blood without a warrant, the needle penetrating Mr. Grant's body constitutes battery.

See Pechan v. Dynapro, Inc., 622 N.E. 2d 108 (Ill. App. Ct. 1993).

See Missouri v. McNeely, 569 U.S. 141 (2013).

## SEXUAL ASSAULT

29) Alan D. Brents and Larissa M. Young drugged and sexually assaulted Mr. Grant in 2003 at the direction of Gregory K. Harris.

30) Thomas W. Coats and Justin Cajindos drugged and sexually assaulted Mr. Grant in June of 2014 at the direction of Gregory K. Harris.

## INTIMIDATION - 720 ILCS 5/12-6(a)(1)

31) Mr. Grant has a cause of action against James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense for intimidation.

32) Mr. Grant was intimidated by the Six Members of the U.S. Department of Defense to stab Dr. Bill Grant in 2002 under threat if Mr. Grant did not comply, Six Known Members of the U.S. Department of Defense would send a Special Operations Soldier (Black OPs Soldier) to kill Dr. Bill. Grant. *SEE US, CONST, AMEND VIII*

See 720 ILCS 5/12-6(a)(1) - Intimidation

See Adock v Brakegate, Ltd., 645 N.E. 2d. 888 (1994) - Civil Conspiracy

33) Gregory K. Harris undermined Mr. Grant's legal defense in 2003 for domestic battery as a result of Mr. Grant stabbing Dr. Bill Grant by colluding with Mr. Grant's lawyers (Rudolph M. Braud and Michael J. Drake). *SEE US, CONST, AMEND VI*







COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

*See* Due Process and Equal Protection Illinois Const. Article I, Sect. II

*See* Adock v. Brakegate, Ltd., 645 N.E. 2d. 888 (1994) - Civil Conspiracy

34) Mr. Grant was intimidated to act as a homosexual for seven (7) years under threat of rape communicated by Gregory K. Harris and Six Known Members of the U.S. Department of Defense. Mr. Grant was intimidated (forced) to act as a homosexual from Decemer 9, 2008 until May of 2016.

*See* Due Process and Equal Protection Illinois Const. Article I, Sect. II

*See* 720 ILCS 5/12-6(a)(1) - Intimidation

SEE U.S. CONST. AMEND VIII

## DRIVING UNDER THE INFLUENCE (DUI) CHARGES

35) In 2009, Gregory K. Harris, Six Known Members of the U.S. Department of Defense, Illinois State Police Trooper Tyler Price "set-up" Mr. Grant for a Driving Under the Influence (DUI) charge to "strip" Mr. Grant of driver's license with the consent of Illinois Governor Patrick J. Quinn, and Acting-Director of the Illinois State Police, Jonathon Monken.   SEE 42 USC 1985

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*See* Due Process and Equal Protection Illinois Const. Article I, Sect. II

36) In 2009, Illinois State Police Trooper Tyler Price "stopped" Mr. Grant for an alleged improper lane change:   SEE U.S. CONST. AMEND IV

   a) Illinois State Police Trooper Tyler Price failed to mirandize Mr. Grant;

   b) Illinois State Police Trooper Tyler Price failed to obtain a warrant to draw Mr. Grant's blood; and   SEE U.S. CONST. AMEND IV

   c) Illinois State Police Trooper Tyler Price issued Mr. Grant multiple DUI tickets stemming from one 2009 traffic stop.   SEE U.S. CONST. AMEND. V.

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994);

*See* Searches, Seizures, Privacy and Interceptions - Illinois Const. Article I, Sect. VI;

*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II; and

*See* Self-Incrimination and Double Jeopardy - Illinois Const. Article I, Sec. X.

37) The Sangamon County State's Attorney's Office filed multiple DUI cases against Mr. Grant stemming from one 2009 traffic stop at the direction of Gregory K. Harris.

SEE U.S. CONST. AMEND. V





(11)

COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

38) Gregory K. Harris undermined Mr. Grant's legal defense by colluding with Mr. Grant's lawyers (Patrick T. Timoney and Sharp & Harmon): *SEE U.S. CONST. AMEND. VI.*

*SEE U.S. CONST. AMEND. IV*
   a) Illinois State Police Trooper Tyler Price failed to mirandize Mr. Grant;

   b) Illinois State Police Trooper Tyler Price failed to obtain a warrant to draw Mr. Grant's blood;

   c) Illinois State Police Trooper Tyler Price issued Mr. Grant multiple DUI tickets stemming from one 2009 traffic stop; and *SEE U.S. CONST. AMEND V*

   d) The Sangamon County State's Attorney's Office filed multiple DUI cases against Mr. Grant stemming from one 2009 traffic stop. *SEE U.S. CONST. AMEND V*

   *See* Searches, Seizures, Privacy and Interceptions - Illinois Const. Article I, Sect. VI;

   *See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II; and

   *See* Self-Incrimination and Double Jeopardy - Illinois Const. Article I, Sec. X.

39) Patrick T. Timoney and Sharp & Harmon refused/failed to file a Motion to Dismiss Mr. Grant's DUI charges for a lack of evidence at the direction of Gregory K. Harris.

*SEE 42 USC 1985(2).*

   *See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

   *See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd., 645 N.E. 2d. 888 (1994);

40) Mr. Grant has a cause of action against Illinois State Police Trooper Tyler Price for assault and battery for drawing Mr. Grant's blood without a warrant. *SEE U.S. CONST. AMEND IV*

   *See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

   *See* Searches, Seizures, Privacy and Interceptions - Illinois Const. Article I, Sect. VI;

   *See* 720 ILCS 5/12-1. Assault.

   *See* 720 ILCS 5/12-3. Battery.

   *See* Missouri v. McNeely, 569 U.S. 141 (2013).

41) Mr. Grant was sober during his 2009 traffic stop with Illinois State Police Trooper Tyler Price.

42) Illinois State Police Trooper Tyler Price issued Mr. Grant the following traffic tickets from one 2009 traffic stop, and the Sangamon County State's Attorney's Office opened the following cases against Mr. Grant based on one 2009 traffic stop.

| Case No. | Judge | Ticket Number | File Date | Offense | Case Type | Status | Statute |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |







COMMITTEE ON TRANSNATIONAL THREATS
OPERATION TOWN GLORY

| 10-DT-000030 | Madonia | 6248585 | 12/29/09 | DUI/BAC 0.08 | DUI | Disp. | None |
| 10-DT-001754 | Otwell | 6247601 | 11/30/09 | DUI | DUI | Disp. | 625 ILCS 5/11-501(a)(2) |
| 09-TR-047110 | N/A | 6247603 | 11/30/09 | Improper Turn at Intersection | DUI | Disp. | 625 ILCS 5/11-801 |
| 09-TR-047111 | N/A | 6247602 | 11/30/09 | Improper Traffic Lane Usage | DUI | Open | 625 ILCS 5/11-709(a) |
| 09-TR-047112 | N/A | 6247605 | 11/30/09 | Registration Light | DUI | Open | 625 ILCS 5/12-201(c) |
| 09-TR-047113 | N/A | 6247604 | 11/30/09 | Headlight Violation | DUI | Open | 625 ILCS 5/12-211(a) |

### ILLINOIS DEPARTMENT OF PUBLIC HEALTH INTERNSHIP

43) In 2009, Mr. Grant accepted an internship with the Illinois Department of Health (IDPH), during Mr. Grant's tenure at the IDPH, Mr. Grant's supervisors (Veronica Holloway and Doris Turner) habitually reported the words and actions of Mr. Grant to Gregory K. Harris. *SEE U.S. CONST. AMEND IV*

*See* Searches, Seizures, Privacy and Interceptions - Illinois Const. Article I, Sect. VI.

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*SEE 42 USC 1985(2).*

### OFFICE OF THE ILLINOIS GOVERNOR INTERNSHIP

*EXHIBIT #2*

44) In 2010, Mr. Grant accepted an internship with the Office of the Illinois Governor.

45) In 2010, Ryan Croke, Illinois Governor Patrick J. Quinn's Deputy Chief of Staff, entered into a conspiracy with Gregory K. Harris to report the words and actions of Mr. Grant to Gregory K. Harris.

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*See* Searches, Seizures, Privacy and Interceptions - Illinois Const. Article I, Sect. VI;

46) At the direction of Gregory K. Harris, Ryan Croke recruited other officials and employees of the State of Illinois to report the words and actions of Mr. Grant to Ryan Croke and Gregory K. Harris.

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*SEE U.S. CONST. AMEND IV*





COMMITTEE ON ~~TRANSNATIONAL THREATS~~
OPERATION: HOMETOWN GLORY

*See* Searches, Seizures, Privacy and Interceptions - Illinois Const. Article I, Sect. VI.

SEE 42 USC 1985(2)

<u>OFFICE OF THE ILLINOIS LIEUTENANT GOVERNOR</u>

47) In 2011, Mr. Grant accepted employment with the Office of the Illinois Lieutenant

Governor as a Policy Analyst. Mr. Grant was hired by Deirdre 'D.K.' Hirner.

48) Deirdre 'D.K.' Hirner entered into a conspiracy in 1992 with Six Known Members of the

U.S. Department of Defense to hire Mr. Grant in the future.   SEE 42 USC 1985(2).

*EXHIBIT # 3*

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*See* Searches, Seizures, Privacy and Interceptions - Illinois Const. Article I, Sect. VI.

49) In 2011, at the direction of Gregory K. Harris, D.K. Hirner slandered Mr. Grant

throughout the Illinois Capitol Complex labeling and leading others to believe Mr. Grant

was:

    a) a drug addict;

    b) a child molester;

    c) an alcoholic;

    d) using illegal substances in the office; and

    e) incompetent.

<u>ILLINOIS DEPARTMENT OF TRANSPORTATION</u>

50) In 2012, Mr. Grant accepted employment with the Illinois Department of Transportation

(IDOT). Mr. Grant was hired by the IDOT as a Staff Assistant (Technical Manager II).

51) Ann L. Schneider, Secretary of the IDOT, entered into an agreement with Six Known

Members of the U.S. Department of Defense in 1992 to hire Mr. Grant in the future.

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*See* Searches, Seizures, Privacy and Interceptions - Illinois Const. Article I, Sect. VI.

52) Mr. Grant's supervisors and co-workers at the IDOT entered into a conspiracy with

Gregory K. Harris to report the words and actions of Mr. Grant to Gregory K. Harris, and

to "set-up" Mr. Grant for termination.   SEE U.S. CONST. AMEND IV

SEE U.S. CONST. AMEND XIV

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

SEE 42 USC 1985(2).

(14)

  

COMMITTEE ON ~~TRANS~~NATIONAL THREATS
OPERATION: ~~HOMET~~OWN GLORY

*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

53) In 2012, Mr. Grant was intimidated to file a civil rights complaint, or be physically accosted in the IDOT Hanley facility in Springfield, Illinois, and be accused of initiating a physical altercation.

*See* 720 ILCS 5/12-6(a)(1) - Intimidation.

54) Furthermore, prior to Mr. Grant filing a civil rights complaint with the IDOT, Mr. Grant was threatened by his supervisor, Donald K~~opferschmidt~~, that if he filed a civil rights complaint, Mr. Grant would be retaliated against in multiple capacities.

*See* 720 ILCS 5/12-6(a)(1) - Intimidation.

*See* 5 ILCS 430/15-10 - Whistleblower Protection.

55) Mr. Grant was retaliated against by officials and employees of the State of Illinois for filing an ethics complaint with the Office of the Executive Inspector General (OEIG), and a civil rights complaint with the Illinois Department of Transportation in 2012.

*See* 5 ILCS 430/15-10 - Whistleblower Protection.

*See* Adcock v. Brakegate, Ltd., 645 N.E. 2d. 888 (1994).

56) Mr. Grant endured a hostile work environment, work products being sabotaged, a negative performance evaluation, slander, geographic relocation, being assigned job tasks below Mr. Grant's pay grade, multiple attempts to "set-up" Mr. Grant for drug possession, a rescinded promotion, and multiple attempts to "set-up" Mr. Grant for wrongful termination.

*See* Whistleblower Protection Act (5 ILCS 430/15-25).

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

## OFFICE OF THE ILLINOIS ~~LIEUTENANT~~ GOVERNOR

EXHIBIT
# 6
EXHIBIT
# 7

57) In November of 2014, Mr. Grant was being laid-off by IDOT as part of a material reorganization. Mr. Grant accepted employment with the Office of the Illinois Governor.

58) Governor of Illinois in 2014, Patrick J. Quinn, consented to Ryan Croke, Patrick J. Quinn's Chief of Staff, not adding Mr. Grant to the Illinois Governor's Office payroll in


EXHIBIT #4


(15)




COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

2014 as retaliation for Mr. Grant filing an ethics complaint and a civil rights complaint with the State of Illinois in 2012. SEE 42 USC 1985▇

*See* Whistleblower Protection Act (5 ILCS 430/15-25). SEE U.S. CONST. AMEND XIV.

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

SEE U.S. CONST. AMEND XIV

59) Governor of Illinois in 2014, Patrick J. Quinn, consented to his Chief of Staff (Ryan Croke) and campaign Manager (Cheryl Byers) directing officials and employees of the Illinois Department of Employment Security to wrongfully deny Mr. Grant Federal unemployment benefits as retaliation for Mr. Grant filing an ethics complaint and a civil rights complaint with the State of Illinois in 2012. EXHIBIT #5

*See* Whistleblower Protection Act (5 ILCS 430/15-10).

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

60) In 2015, Mr. Grant found himself BLACKLISTED by Patrick J. Quinn, Ryan Croke, Cheryl Byers, Gregory K. Harris, and Six Known Members of the U.S. Department of Defense. SEE U.S. CONST. AMEND XIV
   SEE U.S. CONST. AMEND V

### THOMAS W. COATS AGENT OF RYAN CROKE AND GREGORY K. HARRIS

61) Thomas W. Coats entered into a conspiracy with Ryan Croke and Gregory K. Harris to report the words and actions of Mr. Grant to Gregory K. Harris and Ryan Croke beginning in 2010. SEE U.S. CONST AMEND IV; SEE 42 USC 1985(2).

62) Thomas W. Coats slandered Mr. Grant to officials and employees of the State of Illinois claiming/leading others/implying to others Mr. Grant is:
   a) a drug addict;
   b) a child molester; ▇▇▇▇▇▇▇▇
   c) an alcoholic;
   d) using illegal substances in the office; and
   e) incompetent.

63) Thomas W. Coats vandalized Mr. Grant's automobile in 2013 in Chicago, Illinois at the direction of Gregory K. Harris.





COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

64) Thomas W. Coats attempted to "set-up" Mr. Grant for drug possession, theft, wrongful termination, and sexual assault.

   *See* Whistleblower Protection Act (5 ILCS 430/15-10).

   *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

65) Thomas W. Coats and Justin Cajindos sexually assaulted Mr. Grant in June of 2014 at the direction of Gregory K. Harris.

66) Thomas W. Coats and Michael Ziri (employee of the State of Illinois) attempted to "set-up" Mr. Grant for sexual assault of an Federal Bureau of Investigation ~~employee~~ EMPLOYEE near the conclusion of 2014.

67) Thomas W. Coats took his instructions ("orders") from Ryan Croke and Gregory K. Harris. SEE U.S. CONST. AMEND XIV ; SEE U.S. CONST. AMEND V

<div align="center">

**CONSPIRACY**

</div>

68) Mr. Grant has a cause of actions against James A. Baker III, William Pelham Barr, Six Known Members of the U.S. Department of Defense, Gregory K. Harris, Patrick J. Quinn, Ryan Croke, Tyler Price, and Thomas W. Coats for conspiracy. The elements of conspiracy are:

   a) a conspiracy;

   b) a purpose to deprive any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the law;

   c) an act by one of the the conspirators in furtherance of the conspiracy, and

   d) a personal injury, injury to property, or a deprivation of any right or privilege of a citizen of the United States.

   *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

   *See* Griffin v Breckenridge, 403 U.S. 88 102-103 (1971).

   SEE 42 USC 1985.

<div align="center">

**UNLAWFUL SEIZURE / UNLAWFUL DETAINMENT / UNLAWFUL IMPRISONMENT**

</div>

69) Mr. Grant has a cause of action against the defendants, James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense for unlawful seizure, unlawful detainment, and unlawful imprisonment:





COMMITTEE ON ░░ ░░SNATIONAL THREATS
OPERATION: HOMETOWN GLORY

a) James A. Baker III, Frank Carlucci, and Caspar Weinberger unlawfully detained Mr. Grant at Air Force Systems Command for three weeks in July of 1990;

b) James A. Baker III and Six Known Members of the U.S. Department of Defense detained Mr. Grant in the basement of the Pentagon in Virginia from 1990 until 1992; *SEE U.S. CONST. AMEND IV; SEE U.S. CONST. AMEND VIII SEE U.S. CONST. AMEND V*

c) James A. Baker III, William Pelham Barr, Six Known Members of the U.S. Department of Defense detained Mr. Grant in Illinois from 1992 until the present under threat of military force;

d) James A. Baker III, William Pelham Barr, Six Known Members of the U.S. Department of Defense, and Gregory K. Harris have detained Mr. Grant in Illinois for nearly thirty (30) years without legal authority *SEE U.S. CONST. AMEND VIII*

e) The detention of Mr. Grant has been without Mr. Grant's consent.

See Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

See Searches, Seizures, Privacy and Interceptions - Ill. Const. Article I, Sect. VI.

See Brower v County of Inyo, 489 U.S. 593 (1989).

*SEE U.S. CONST. AMEND IV; SEE U.S. CONST. AMEND V; SEE U.S. CONST. AMEND XIV*

**RETALIATORY DISCHARGE**  *SEE U.S. CONST. AMEND XIII.*

70) Mr. Grant has a cause of action against defendants, Patrick J. Quinn, Ryan Croke, and the Office of the Illinois Governor for retaliatory discharge:

a) Patrick J. Quinn and Ryan Croke terminated (failure to add to payroll) Mr. Grant's employment with the State of Illinois as retaliation for Mr. Grant filing two complaints with the State of Illinois in 2012;

b) Patrick J. Quinn and Ryan Croke terminated (failed to add to payroll) Mr. Grant in 2014 in direct violation of the Illinois Whistleblower Protection Act (5 ILCS 430/15-25); and

c) the Illinois Whistleblower Protection Act is a clearly mandated public policy.

See Fellhauer v. City of Geneva, 142 Ill. 2d. 495 (1991).

See Kelsay v. Motorola, 74 Ill. 2d. (1978).







COMMITTEE @ NATIONAL THREATS
OPERATION: HOMETOWN GLORY

71) Patrick J. Quinn is liable (respondeat-superior) for Ryan Croke's failure to add Mr. Grant
to the payroll of the Illinois Governor's Office in 2014 as retaliation for Mr. Grant filing
a civil rights complaint and an ethics complaint with the State of Illinois in 2012.

*See* Merlo v. Public Service Co., 381 Ill. 300, 45 N.E. 2d 665 (1942).

*See* Gundich v. Emerson-Comstock Co., 21 Ill. 2d 117 (1960).

*See* Woods v. Cole, 693 N.E. 333(Ill. 1998).

72) Patrick J. Quinn is liable for Ryan Croke and Cheryl Byers directing officials and
employees of the Illinois Department of Employment Security to deny Mr. Grant Federal
unemployment benefits as retaliation for Mr. Grant filing an ethics complaint and a civil
rights complaint with the State of Illinois in 2012.

*See* Merlo v. Public Service Co., 381 Ill. 300, 45 N.E. 2d 665 (1942)

*See* Gundich v. Emerson-Comstock Co., 21 Ill. 2d 117 (1960).

*See* Woods v. Cole, 693 N.E. 333 (Ill. 1998).

73) The Six Known Members of the U.S. Department of Defense directed Illinois
Department of Employment Security Administrative Law Judge John Schellenberg to
deny Mr. Grant Federal unemployment benefits to cause:

SEE U.S. CONST, AMEND XIV 

   a) Mr. Grant financial hardship; SEE U.S. CONST. AMEND VIII
   b) To leave Mr. Grant without income as Mr. Grant searched for employment in
      2015; and
   c) Mr. Grant to enter Federal court without financial resources requiring:
      1)  Mr. Grant to file his lawsuit as a poor person seeking leave to proceed in
          forma pauperis; and
      2)  Mr. Grant's lawsuit to receive additional scrutiny by a judge for screening
          of frivolity.

*See* Holiday Magic, Inc. v. Scott, 282 N.E. 2d 452 (IL App. Ct. 1972).

74) Mr. Grant has a cause of action against James A. Baker III, William Pelham Barr, and Six
Known Members of the U.S. Department of Defense for abuse of process. The Six
Known Members of the U.S. Department of Defense have directed courts across the
country to dismiss Mr. Grant's lawsuit. SEE BIVENS v SIX UNKNOWN NAMED AGENTS, 403 U.S. 388 (1971).

*See* Holiday Magic, Inc. v. Scott, 282 N.E. 2d 452 (IL App. Ct. 1972).

*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

  

COMMITTEE ON NATIONAL THREATS
OPERATION: HOMETOWN GLORY

75) The Six Known Members of the U.S. Department of Defense directed the Illinois Central District to dismiss Mr. Grant's lawsuit in 2016:

   a) to force Mr. Grant to walk from Springfield, Illinois to Washington, D.C. in 2017; *SEE U.S. CONST. AMEND V; SEE U.S. CONST. AMEND VIII*

   b) the Six Known Members of the U.S. Department of Defense attempted to assassinate Mr. Grant in Maryland in 2017; *SEE U.S. CONST. AMEND V*

   c) in an attempt to prevent the conspiracy against Mr. Grant from coming to light; and

   d) to save the defendants from paying damages to Mr. Grant.

     *See* Holiday Magic, Inc. v. Scott, 282 N.E. 2d 452 (IL App. Ct. 1972).
     *See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

76) The Six Known Members of the U.S. Department of Defense directed Federal courts across the country to dismiss Mr. Grant's lawsuit to:

   a) force Mr. Grant to refile his lawsuit in multiple Federal district courts;

   b) force Mr. Grant to file suit in more than Forty (40) Federal courts;

   c) shield the Six Known Members of the U.S. Department of Defense from being sued for libel given the contents of Mr. Grant's multiple lawsuits contain details of fraud and corruption within the Federal government, and court dockets are a matter of public record.

     *See* Nieman v. Versuslaw, 512 F. App. 'x 635 (7th Cir. 2013).

     *See* Holiday Magic, Inc. v. Scott, 282 N.E. 2d 452 (IL App. Ct. 1972).
     *See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

## WHISTLEBLOWER PROTECTION ACT (5 ILCS 430/15-25)

77) Mr. Grant's claim pursuant to the Whistleblower Protection Act (5 ILCS 430/15-25):

   a) The State of Illinois took retaliatory action against Mr. Grant in response to Mr. Grant filing an ethics complaint and a civil rights complaint with the State of Illinois in 2012;

   b) The retaliatory actions of the State of Illinois continued with Patrick J. Quinn and Ryan Croke not adding Mr. Grant to the Illinois Governor's Office payroll in 2014;





COMMITTEE ███ SNATIONAL THREATS
OPERATION: ███ WN GLORY

c) Ryan Croke and Cheryl Byers with the consent of Patrick J. Quinn directed officials and employees of the Illinois Department of Employment Security to deny Mr. Grant Federal unemployment benefits as retaliation for Mr. Grant filing two complaints with the State of Illinois in 2012; *SEE 42 USC 1985*

d) In 2015, Mr. Grant found himself BLACKLISTED by officials and employees of the State of Illinois at the direction of Cheryl Byers, Ryan Croke, Patrick J. Quinn, Gregory K. Harris, and Six Known Members of the U.S. Department of Defense; *SEE U.S. CONST. AMEND VIII*



e) Mr. Grant's Whistleblower Protection Act (5 ILCS 430/15-25) claim is not barred by the statute of limitations;

f) Mr. Grant's state law claims were removed to Federal court in 2016, and while a case is pending in Federal court, the statute of limitations is tolled; and

g) Mr. Grant's lawsuit has been pending in Federal court for four (4) years.

*See* Artis v District of Columbia, 135 A. 3d 334).

78) The City of Springfield (Illinois), Illinois Department of Transportation (IDOT), Office of the Illinois Governor, and State of Illinois have a history of engaging in conspiracies:

a) Whitlow v. Martin, 719 F. Supp. 2d 983 (C.D. 2010);

b) Tamayo v. Blagojevich, 526 F. 3d 1074, 1086 (7th Cir. 2008);

c) Renatta Frazier v. Harris (City of Springfield);

d) Tammy Duckworth, Illinois Department of Veterans Affairs

79) <u>Six Known Members of the U.S. Department of Defense</u>

Caspar Weinberger, Secretary of Defense
Frank Carlucci, Secretary of Defense
James N. Mattis, Secretary of Defense
JOSEPH F DUNFORD, Chairman of the Joint Chiefs of Staff
John F. Kelly
Mark Esper, Secretary of Defense
WILLIAM HOWARD TAFT IV, DEPUTY SECRETARY OF DEFENSE

80) <u>Mr. Grant's Witnesses</u>

Michael J. Madigan
Jesse White
Emil Jones
Barack H. Obama
ILLINOIS STATE POLICE

 

81) Forty-one (41) Federal courts have not found Mr. Grant's allegations to be:

28 USC 1915(e)(2)(B)(i) - is frivolous or malicious;

28 USC 1915(e)(2)(B)(ii) - fails to state a claim on which relief may be granted; or

28 USC 1915(e)(2)(B)(iii) - seeks monetary relief against a defendant who is immune

from such relief.

82) Mr. Grant seeks ████████████ in damages.

$ 99,000,000,000,000.00

3/19/2021

*[signature]*

William Lee Grant II
901 Wythe Road
Springfield, Illinois 62702
(217)726-5269





COMMITTEE ON ███████NATIONAL THREATS
OPERATION: HOMETOWN GLORY

(83) RES JUDICATA IS NOT APPLICABLE:

a) MR. GRANT'S LAWSUIT HAS NOT BEEN DECIDED ON THE MERITS:

i) THE ILLINOIS CENTRAL DISTRICT^CLERK OF COURT FAILED TO ENTER DEFAULT (FED. R. CIV. P. 55(a) IN 16-CV-3245, 17-CV-3261, AND 19-CV-3001 AT THE DIRECTION OF SIX KNOWN MEMBERS OF THE U.S. DEPARTMENT OF DEFENSE;

ii) ILLINOIS CENTRAL DISTRICT JUDGES: COLIN S. BRUCE (16-CV-3245 AND 17-CV-3261) AND JOE BILLY MCDADE (19-CV-3001) DISMISSED MR. GRANT'S LAWSUIT AT THE DIRECTION OF SIX KNOWN MEMBERS OF THE U.S. DEPARTMENT OF DEFENSE;

iii) SEVENTH JUDICIAL CIRCUIT OF ILLINOIS JUDGE BRIAN T. OTWELL (17-MR-754) DISMISSED MR. GRANT'S LAWSUIT AT THE DIRECTION OF GREGORY K. HARRIS;

iv) EASTERN DISTRICT OF VIRGINIA JUDGES: CLAUDE M. HILTON (19-CV-1228) AND ROSSIE D. ALSTON JR. (20-CV-173) DISMISSED MR. GRANT'S LAWSUITS AT THE DIRECTION OF SIX KNOWN MEMBERS OF THE U.S. DEPARTMENT OF DEFENSE

b) SECOND SUIT INVOLVING^THEIR PARTIES OR PRIVIES:

i) MR. GRANT BROUGHT SUIT AGAINST THE U.S. DEPARTMENT OF JUSTICE AND STATE OF ILLINOIS IN 16-CV-3245 AND 17-CV-3261;






(23)



ii) MR. GRANT BROUGHT SUIT AGAINST THE U.S. DEPARTMENT OF DEFENSE IN 19-CV-3001.

iii) MR. GRANT BROUGHT SUIT AGAINST THE CENTRAL INTELLIGENCE AGENCY AND SPECIAL COLLECTION SERVICE IN 19-CV-1228 AND 20-CV-173



c) BASED ON THE SAME CAUSE OF ACTION:

i) MR. GRANT HAS NOT PREVIOUSLY BROUGHT A CLAIM UNDER 18 USC 1595 - PEONAGE, SLAVERY, AND HUMAN TRAFFICKING;

ii) MR. GRANT HAS NOT PREVIOUSLY FILED STATE LAW CLAIMS AGAINST INDIVIDUALS, EXCEPT FOR RICHARD ABEL KABAKER. WGH 1/25/2027 SEE HAZEL-ATLAS GLASS CO. v HARTFORD-EMPIRE CO., 322 U.S. 238 (1944).

(84) ■ RES JUDICATA IS NOT APPLICABLE: WGH 1/21/2027

a) THE SIX KNOWN MEMBERS OF THE U.S. DEPT. OF DEFENSE DIRECTED ILLINOIS CENTRAL DISTRICT JUDGES COLIN S. BRUCE (16-CV-3245, AND 17-CV-3261) AND JOE BILLY MCDADE (19-CV-3001) TO DISMISS MR. GRANT'S LAWSUITS, ■ ■ WHICH CONSTITUTES FRAUD;

b) THE SIX KNOWN MEMBERS OF THE U.S. DEPT. OF
EXHIBIT DEFENSE DIRECTED EASTERN DISTRICT OF VIRGINIA
#9 JUDGES CLAUDE M. HILTON (19-CV-1228) AND ROSSIE D. ALSTON (20-CV-173) TO DISMISS MR. GRANT'S LAWSUIT, WHICH CONSTITUTES FRAUD; AND

c) GREGORY K. HARRIS DIRECTED SEVENTH JUDICIAL CIRCUIT OF ILLINOIS JUDGE BRIAN T. OTWELL ■ (17-MR-754) TO DISMISS MR. GRANT'S LAWSUIT, WHICH CONSTITUTES FRAUD. SEE HAZEL-ATLAS GLASS CO. ■ ■TFORD-EMPIRE CO., 322 U.S. 238 (1944). WGH 1/25/2027

(24)

 Mr. Grant has a cause of action against James A. Baker III, William Pelham Barr, Six Known Members of the U.S. Department of Defense, and Gregory K. Harris for fraud.

 The elements of fraud are:

1) A material misrepresentation of a fact:

   a) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense informed Mr. Grant in the basement of the Pentagon in 1990 that if Mr. Grant survived the Evil Enterprise (OPERATION: HOMETOWN GLORY) engineered by the aforementioned men to give cause for Mr. Grant to appear in Federal court, the Six Known Members of the U.S. Department of Defense would allow Mr. Grant to go on with the remainder his life;

2) Knowledge of its falsity:

   a) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense had no intention of allowing Mr. Grant to go on with the remainder of his life after filing suit in Federal court;

   b) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense engineered Mr. Grant's life hoping Mr. Grant would commit suicide prior to reaching Federal court in 2016;

   c) In 1990, James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense:

      1) planned to have Mr. Grant appear in Federal court as an indigent individual;

      2) planned to have Mr. Grant's lawsuit (16-cv-3245) dismissed;

      3) informed Mr. Grant the only way for his lawsuit to continue was for Mr. Grant to walk from Springfield, Illinois to Washington, D.C. in 2017;

      4) plotted to assassinate Mr. Grant in Maryland in 2017 while Mr. Grant was trekking to Washington, D.C.

3) An intent to induce reliance:

   a) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense required Mr. Grant to work with Joint Special Operations Command (JSOC) in the basement of the Pentagon from 1990 to 1992 to review the parameters of Mr. Grant's life:

      1) Mr. Grant was to be beaten;

      2) endure psychological warfare;

  

3) stab Dr. Bill Grant to prevent the Six Known Members of the U.S. Department of Defense from killing Dr. Bill Grant;

4) act as a homosexual for seven (7) years;

5) graduate from high school;

6) graduate from college;

7) obtain employment with the State of Illinois;

8) be retaliated against by officials and employees of the State of Illinois to give cause for the Attorney General of Illinois to appear in Federal court;

9) Mr. Grant was to walk from Springfield, Illinois to Washington, D.C. in 2017 as a condition of Mr. Grant's lawsuit coming to fruition after Mr. Grant's lawsuit was dismissed in 2016 by the Illinois Central District;

b) Gregory K. Harris repeatedly told Mr. Grant from 1992 until 2015, that Mr. Grant would be allowed to live out the remainder of his life, after he had filed suit in 2016;

c) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense gave Mr. Grant their word in the basement of the Pentagon from 1990 until 1992 that if Mr. Grant made it to Federal court, the Six Known Members of the U.S. Department of Defense would allow Mr. Grant to live out his life.

4) Justifiable Reliance by the Plaintiff:

a) Mr. Grant was four (4) years old when Mr. Grant was detained in the basement of the Pentagon for two and a half years;

b) Mr. Grant was "dropped-off (trafficked)" in Springfield, Illinois in 1992 to be:

1) beaten;

2) endure psychological warfare;

3) the U.S. Department of Defense's witness to the 9/11 Terrorist Attacks;

c) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense directed the following in 1992 to not aid Mr. Grant:

1) Federal Bureau of Investigation - Illinois Central District

2) U.S. Attorney's Office - Illinois Central District

3) Springfield Police Department;

4) Sangamon County Sheriff's Office;

5) Sangamon County State's Attorney's Office;

6) Seventh Judicial Circuit Judges; and

7) Illinois Central District Judges;



(26)


    d) Mr. Grant took James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense at their word that Mr. Grant would be allowed to live his life his lawsuit was completed;

5) Damages:

    a) Mr. Grant has been unlawfully detained by Six Known Members of the U.S. Department of Defense for thirty (30) years;

    b) Mr. Grant has had his U.S. Constitutional rights violated for thirty (30) years;

    c) Mr. Grant has been assaulted;

    d) Mr. Grant was intimidated to act as a homosexual for seven (7) years;

    e) Mr. Grant has endured the most egregious retaliation campaign in response to filing an ethics complaint and a civil rights complaint with the State of Illinois in 2012;

    f) Mr. Grant has been left indigent by the actions of James A. Baker III, William Pelham Barr, Six Known Members of the U.S. Department of Defense, and Gregory K. Harris;

    g) The Six Known Members of the U.S. Department of Defense have blocked Mr. Grant's access to judicial remedy by direction Illinois Central District Judges Colin S. Bruce (16-cv-3245 and 17-cv-3261) and Joe Billy McDade (19-cv-3001) and Eastern District of Virginia Judges Claude M. Hilton (19-cv-1228) and Rossie D. Alston Jr. (20-cv-173) to dismiss Mr. Grant's lawsuit;

    h) Gregory K. Harris directed Seventh Judicial Circuit of Illinois Judge Brian T. Otwell (17-MR-754) to dismiss Mr. Grant's lawsuit;

    i) Mr. Grant's requested damages in the amount of $99 Trillion in 19-cv-3001, 19-cv-1228, and 20-cv-173

*See* Eurycleia Partners, LP v. Seward & Kissel, LLp, 12 N.Y. 3d 553, 559 (2009).

*See* Menaco v. New York Univ. Med. Ctr., 213 A.D. 2d 167 (1st Dept. 1995).

*See* Gregor v. Rossi, 120 A.D. 3d 447 (1st Dept. 2014).

Donald J. Trump consented to the Six Known Members of the U.S. Department of Defense directing Illinois Central District Judges: Joe Billy McDade (19-cv-3001) and Eastern District of Virginia (19-cv-1228 and 20-cv-173) to dismiss Mr. Grant's lawsuits.

Donald J. Trump is liable for the actions of Six Known Members of the U.S. Department of Defense under respondeat superior and joint tortfeasor liability.

*See* Pinkerton v. United States, 328 U.S. 640 (1946).

*See* Norskog v. Pfiel, 197 Ill. 2d. 60 (2001).

*See* Woods v. Cole, 693 N.E. 2d 333 (Ill. 1998)



EXHIBIT #8
EXHIBIT #9

*New L*— 3/21/2021

JAMES A. BAKER III IS JOINT AND SEVERALLY LIABLE FOR THE ACTIONS OF SIX KNOWN ~~MEMBERS~~ MEMBERS OF THE U.S. DEPARTMENT OF DEFENSE.

COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

(27)

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT FOR PLYMOUTH COUNTY

WILLIAM LEE GRANT II
                PLAINTIFF
901 WYTHE ROAD
SPRINGFIELD, ILLINOIS 62702
(217)726-5269

versus

JOSEPH F. DUNFORD JR.
        DEFENDANT
14 12TH ROAD
MARSHFIELD, MA 02050.

CIVIL COMPLAINT
ACTIONS OF REAGAN"S CHIEF OF STAFF (AORCOS) COMPLAINT

1) DIST. OF MASS. ☒ has Subject-Matter jurisdiction pursuant to:

28 USC 1331 - Federal Question

28 USC 1391(b)(1) - Venue

28 USC 1343 -Civil Rights & Elective Franchise

42 USC 1983 - Civil Action for Deprivation of Rights

42 USC 1985(3) - Conspiracy to Interfere with Civil Rights

42 USC 1985(2) - Obstructing Justice

18 USC 1595 - Peonage, Slavery, and Human Trafficking

28 USC 1652 - State Laws As Rules of Decision

2) Mr. Grant's allegations are deemed admitted as true by virtue of the U.S. Department of Justice (DOJ) and State of Illinois' default history:

   a) the DOJ and State of Illinois defaulted in 16-cv-3245 and 17-cv-3261 in the Central District of Illinois;

   b) the DOJ defaulted and failed to appear in 19-cv-3001 in the Central District of Illinois;

   c) the State of Illinois defaulted and failed to appear in 18-L-202 in the Seventh Judicial Circuit of Illinois; and

   d) default was entered against the State of Illinois in 20-cv-173 in the Eastern District of Virginia.



COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

*EXHIBIT IN SUPPORT OF COMPLAINT*     *EXHIBIT #1*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| WILLIAM LEE GRANT II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CENTRAL INTELLIGENCE AGENCY, | )    Civil Action No. 1:20-cv-00173 (RDA-IDD) |
| *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER

It appears from the record that Defendant State of Illinois ("State of Illinois") is in default and that Plaintiff William Lee Grant has obtained an entry of default against the State of Illinois from the Clerk pursuant to Federal Rule of Civil Procedure 55(a). The Clerk has entered default against the State of Illinois. Dkt. 19.

Accordingly, it is hereby ORDERED that Plaintiff is directed to file a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b) and an accompanying memorandum setting forth the factual and legal support for findings that (a) this Court has subject matter and personal jurisdiction, including how the defaulting Defendant was served and why that service was proper; (b) the Complaint alleges facts establishing all the necessary elements of one or more claims on which relief can be granted; and (c) Plaintiff can receive the damages and relief sought, with specific references to affidavits, declarations, or other evidence supporting such relief.

It is further ORDERED that Plaintiff file a Notice setting a hearing on the motion for default judgment for 10:00 a.m. on Friday, September 18, 2020, before the Magistrate Judge to whom this action is referred. Plaintiff is also directed to mail copies of the notice, motion, and

*GRANT v DUNFORD*

memorandum to the defaulting Defendant at the Defendant's last known address, certifying the same to the Court.

The Clerk is directed to forward a copy of this Order to counsel of record who is directed to forward this Order to the Defendant.

It is SO ORDERED.

Alexandria, Virginia
August 24, 2020

/s/

Rossie D. Alston, Jr.
United States District Judge



EXHIBIT IN SUPPORT OF COMPLAINT







**STATE OF ILLINOIS**
## OFFICE OF THE GOVERNOR
SPRINGFIELD, ILLINOIS 62706

**Pat Quinn**
GOVERNOR

August 2, 2010

Re: William Grant

To Whom It May Concern,

It is my pleasure to provide this letter of recommendation for William Grant. I am currently William's direct supervisor in Governor Pat Quinn's Office of Citizen Action. He has been an intern here since June 2010.

As a Constituent Affairs intern, William was responsible for managing constituent phone calls, opening and responding to letters, occasionally drafting public documents such as proclamations and newsletter articles and working on projects related to constituent outreach. He had the opportunity to become very familiar with state government and developed a solid understanding of the functions of many of the State agencies under the purview of the Governor.

Throughout the summer, he also managed the valedictorian celebration at the 2010 State Fair, which is an annual event attended by high school valedictorians throughout the state, as well as the Governor. He managed this project on his own and was solely responsible for the logistics of this major event as well as communicating with all participants.

William has been a very valuable asset not only to the Governor's Office of Citizen Action, but was helpful in other units within the Governor's Office as well. He is a team player and I believe he will be a great addition to your office. I do not hesitate to offer my recommendation.

Sincerely,

Donna Dalton

Donna Dalton
Director of Constituent Affairs

AMENDED COMPLAINT
16-CV-3245

OPERATION: HOMETOWN GLORY

GRANT v DUNFORD



EXHIBIT IN SUPPORT OF COMPLAINT

EXHIBIT #3

**SHEILA SIMON**
LIEUTENANT GOVERNOR
STATE OF ILLINOIS

December 2, 2011

Re: Will Grant

Dear Friends,

It is with some sadness that I recommend Will Grant for your consideration as an employee. I am sad to do so because I will miss him on my staff.

Will has worked on my staff for almost a year now, and I have benefitted greatly. He is open and engaging, traits which make him such a good person for the constituent contact he has on a daily basis. In addition to doing his work well, Will has the extra quality of being good to work with. I have consistently enjoyed my interactions with Will, whether it has been about the needs of constituents or about his crazy vegetable diet.

I should also add, because of our history as a state, Will should not be given any special consideration based on political connections or my recommendation. I write this letter as one employer to another employer. I ask that you consider Will and all of his qualifications, and I believe both you and he will be well served.

Thanks, and please feel free to call me if you have any questions.

Sincerely,

Sheila Simon
Lt. Governor of Illinois

| IDOT | 714 State House | JRTC, 15-200 |
| District 9 Headquarters | Springfield, IL 62706 | Chicago, IL 60601 |
| Carbondale, IL 62903 | Phone: (217) 558-3085 | Phone: (312) 814-5240 |
| Phone: (618) 529-0452 | Fax: (217) 558-3094 | Fax: (312) 814-5228 |
| Fax: (618) 529-6465 | TTY : 1 800-683-7110 | |

95

AMENDED COMPLAINT
16-CV-3245

OPERATION: HOMETOWN GLORY

GRANT
v
DUNFORD

*EXHIBIT IN SUPPORT OF COMPLAINT*





*EXHIBIT #4*

STATE OF ILLINOIS
## OFFICE OF THE GOVERNOR
SPRINGFIELD, ILLINOIS 62706

**Pat Quinn**
GOVERNOR

December 21, 2014

To Whom It May Concern:

I am pleased to recommend Will Grant for employment. I have always known Will to be a skilled and dedicated public servant for the State of Illinois. His innate interpersonal skills and work ethic have earned him the respect and confidence of his colleagues.

Will is highly organized, mission oriented, and hard working. Will has proven himself to be an essential team member, and I am confident he will continue to be just that with his future employers.

I am certain that he will be an asset and make great contributions to your organization. If you have any additional questions regarding Will's experience or abilities, please do not hesitate to contact me.

Sincerely,

Ryan Croke
Chief of Staff
(847) 271-7926

97

AMENDED COMPLAINT                    OPERATION: HOMETOWN GLORY
16-CV-3245
GRANT v DUNFORD




EXHIBIT IN SUPPORT OF COMPLAINT





EXHIBIT #5

Illinois Department of Employment Security
Appeals - Springfield
607 East Adams, 9th Floor
Springfield, IL 62701
Phone: (800) 244-5631 · TTY (888) 205-3145
www.ides.illinois.gov

WILLIAM L. GRANT
901 WYTHE RD
SPRINGFIELD, IL 62702-3428

| | |
|---|---|
| Date Mailed | 03/10/2015 |
| Claimant ID | 2703013 |
| Docket Number | 1505989 |
| Appeal Filed Date | 02/03/2015 |
| Date of Hearing | 03/06/2015 |
| Type of Hearing | Telephone |
| Place of Hearing | Springfield |

## Administrative Law Judge's Decision

(Este es un documento importante. Si usted necesita un intérprete, póngase en contacto con el Centro de Servicio al Reclamante al (800) 244-5631)

Claimant Appellant
WILLIAM L. GRANT
901 WYTHE RD
SPRINGFIELD, IL 62702-3428

Employer
DEPT OF TRANSPORTATION DEPT OF
TRANSPORTATION
2300 S DIRKSEN PKWY
SPRINGFIELD, IL 62764-0001

**Appearances/Issues/Employer Status:** The claimant and employer appeared and testified. Whether the claimant left work voluntarily without good cause attributable to the employer? See 820 ILCS 405/601A. The employer is a party to the appeal.

**Findings of Fact:** The claimant worked for the employer as a technical manager/staff assistant in the legal department. He was paid about $47,500 a year, began in 2012 and last worked on or about October 27, 2014. The claimant was advised in August of 2014 that the employer was going to lay him off at the end of September. The union filed a lawsuit and the layoff was postponed until the end of October of 2014. The claimant was then advised the layoff has been postponed indefinitely. The claimant was on a month to month lease. The landlord did not renew the lease for the month of November. The claimant returned to his hometown area in Springfield, stopped reporting to his Chicago employer work location and attempted to get a transfer through the Governor's office. The claimant reported to the Governor's office in constituent serves in November and turned in time sheets for November 6, 7, and 10, 2015. The claimant was not paid and there was subsequent contact with this employer regarding pay and his work status. The claimant was ultimately not paid by this employer given he was not working for the employer and was not on its jobsite. The claimant submitted a resignation to the employer on November 21, 2014 effective November 5, 2014. The claimant did not submit any more times sheets to the Governor's office and on or about December 3, 2014 was advised a transfer was not approved there.

**Conclusion:** 820 ILCS 405/601A provides that an individual shall be ineligible for benefits for the weeks in which he has left work voluntarily without good cause attributable to the employing unit and, thereafter, until he has become reemployed and has had earnings equal to or in excess of his current weekly benefit amount in each of four calendar weeks.

The claimant quit his job in Chicago primarily due to issues with his living arrangements. There was also evidence he sought and believed he may have had another job. While the claimant may have had a good reason to quit, the leaving was not attributable to the employer as the employer did not materially change the terms of the working agreement. There was not sufficient evidence to support a finding of an exemption. The claimant was not hired at the Governor's office and was not paid any wages. While he testified that he worked at the Governor's office for a month, the claimant only submitted approximately three days of time sheets for payment (none of which were honored). The claimant is disqualified for benefits under Section 601A of the Act.

**Decision:** The Local Office Determination is AFFIRMED. Pursuant to 820 ILCS 405/601A, the claimant is disqualified for benefits. The claimant is not eligible for benefits from 11/30/2014.

JOHN SCHELLENBERG, Administrative Law Judge
Appeals - Springfield
Fax: (309) 671-3121

L11L

APL011L

MR. GRANT QUALIFIED FOR FEDERAL BENEFITS PURSUANT TO: 820 ILCS 405/601 (B)(2).

AMENDED COMPLAINT
16-CV-3245

OPERATION: HOMETOWN GLORY

GRANT
v
DUNFORD



EXHIBIT #8

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

WILLIAM LEE GRANT II
PLAINTIFF

FEDERAL QUESTION
28 USC 1331

v

CENTRAL INTELLIGENCE AGENCY
SPECIAL COLLECTION SERVICE,
+
STATE OF ILLINOIS
DEFENDANTS

WHAT ARE THE RAMIFIC-
ATIONS OF THE DoD KEEPING
MR. GRANT IN ILLINOIS
FOR NEARLY THIRTY (30)
YEARS UNDER THREAT OF
MILITARY FORCE?

## CIVIL LIBERTIES COMPLAINT

(1) DISTRICT COURT HAS JURISDICTION PURSUANT TO:
28 USC 1346(b)(1); 28 USC 1391(b)(1); 42 USC 1983;
42 USC 1985(3); AND 28 USC 1331.

(2) MR. GRANT HAS A CLAIM UNDER U.S. CONST. AMEND IV;
U.S. CONST. AMEND V; U.S. CONST. AMEND XIII;
U.S. CONST. AMEND XIV; 42 USC 1983; AND 42 USC 1985(3).

(3) THE STATE OF ILLINOIS WAIVED SOVEREIGN IMMUNITY
BY CONSENTING TO 16-CV-3245 AND 17-CV-3261
BEING REMOVED TO THE ILLINOIS CENTRAL DISTRICT
FROM THE SEVENTH CIRCUIT OF ILLINOIS.

(4) THE ILLINOIS ATTORNEY GENERAL AND U.S. DEPART-
MENT OF JUSTICE (DOJ) DEFAULTED AND FAILED TO
DENY MR. GRANT'S ALLEGATIONS IN 16-CV-3245 AND
17-CV-3261.

THE STATE OF ILLINOIS DEFAULTED IN 18-L-202 (ILLINOIS
SEVENTH CIRCUIT OF ILLINOIS) (1), AND FAILED TO DENY MR.

GRANT v DINFIELD

(5) THE ILLINOIS CENTRAL DISTRICT HAS NOT FOUND MR. GRANT'S ALLEGATIONS TO BE: 28 USC 1915 (e)(2)(B)(i);
28 USC 1915 (e)(2)(B)(ii);
OR
28 USC 1915 (e)(2)(B)(iii).

(6) THIRTY-ONE (31) ~ FEDERAL DISTRICT COURTS HAVE NOT FOUND MR. GRANT'S ALLEGATIONS TO BE: 28 USC 1915 (e)(2)(B)(i);
28 USC 1915 (e)(2)(B)(ii);
OR
28 USC 1915 (e)(2)(B)(iii).

(7) THE COMMANDER-IN-CHIEF OF THE UNITED STATES ARMED FORCES (RONALD REAGAN) DIRECTED THE SECRETARY OF DEFENSE TO CREATE MR. GRANT TO PREDICT FUTURE NUCLEAR ATTACKS.

(8) THE FUNDS TO CREATE MR. GRANT CAME FROM THE STRATEGIC DEFENSE INITIATIVE (MISSILE DEFENSE AGENCY).

(9) THE OFFICE OF THE SECRETARY OF DEFENSE CREATED MR. GRANT AT AIR FORCE SYSTEMS COMMAND IN 1990.

(10) THE OFFICE OF THE SECRETARY OF DEFENSE USED JOINT SPECIAL OPERATIONS COMMAND (JSOC) TO ENGINEER MR. GRANT'S LIFE TO GIVE CAUSE FOR MR. GRANT TO APPEAR IN FEDERAL COURT.

(11) THE OFFICE OF THE SECRETARY OF DEFENSE "DROPPED OFF" MR. GRANT IN SPRINGFIELD, ILLINOIS IN 1992 WITH DR. BILL GRANT AND ARMENTA JOHNSON TO BE: BEATEN; ENDURE PSYCHOLOGICAL WARFARE; AND THE U.S. DEPARTMENT OF DEFENSE'S WITNESS TO THE 9/11 TERRORIST ATTACKS.

(15) THE OFFICE OF THE SECRETARY OF DEFENSE HAS COMMAND AUTHORITY OF THE U.S. MILITARY'S CONTINENTAL FORCES THROUGH THE U.S. NORTHERN COMMAND.

(2)

(3)

12. GREGORY L. HARRIS L. THE PENTAGON IN THE EARLY 1990's TO ILLEGALLY SURVEIL MR. GRANT THROUGH THE ILLINOIS CENTRAL DISTRICT U.S. ATTORNEY'S OFFICE.

13. GREGORY L. HARRIS BRIBED MR. GRANT'S FAMILY, PEERS, TEACHERS, CO-WORKERS, AND SUPERVISORS TO REPORT THE WORDS AND ACTIONS OF MR. GRANT TO GREGORY L. HARRIS.

14. GREGORY L. HARRIS DIRECTED MR. GRANT'S OPTOMETRIST TO GIVE MR. GRANT AN INCORRECT LENSE PRESCRIPTION TO DIMINISH MR. GRANT'S VISION WHEN MR. GRANT'S WAS IN 5TH GRADE (1995).

15. GREGORY L. HARRIS DIRECTED MR. GRANT'S ORTHODONTIST [redacted] TO DRILL THE ENAMEL OFF MR. GRANT'S TEETH FROM 1999-2000.

16. WHEN MR. GRANT TURNED SEVENTEEN (17), MR. GRANT WAS FORCED TO STAR DR. GRANT IN 2003, OR THE OFFICE OF THE SECRETARY OF DEFENSE WOULD SEND SOMEONE TO KILL DR. GRANT.

17. GREGORY L. HARRIS UNDERMINED MR. GRANT'S LEGAL DEFENSE FOR DOMESTIC BATTERY BY COLLUDING WITH MR. GRANT'S LAWYERS.

18. GREGORY L. HARRIS RECRUITED (THEN ILCD U.S. ATTORNEY) RODGER B. HEATON TO ILLEGALLY SURVEIL AND CONSPIRE AGAINST MR. GRANT. [redacted]

19. GREGORY L. HARRIS AND [redacted] (RODGER B. HEATON) RECRUITED NIVERSHA H?LL TO ILLEGALLY SURVEIL AND CONSPIRE AGAINST MR. GRANT.

20. THE U.S. DEPARTMENT OF DEFENSE "BUGGED/HACKED" MR. GRANT'S CELLULAR PHONE, TELEPHONE, COMPUTER, AND KEPT MR. GRANT UNDER SATELLITE SURVEILLANCE FOR NEARLY THIRTY (30) YEARS.

21. MR. GRANT WAS FORCED TO "ACT GAY" FOR MORE THAN SEVEN (7), OR THE U.S. DEPARTMENT OF DEFENSE WOULD HAVE SENT SOMEONE TO RAPE MR. GRANT.

22. MR. GRANT HAD TO "ACT GAY" FROM THE END OF DECEMBER OF 2008 ▓▓ UNTIL THE END OF 2016.

23. IN 2009, THE U.S. DEPARTMENT OF DEFENSE (DoD), GREGORY K. HARRIS, AND THE ILLINOIS STATE POLICE (ISP) "SET-UP" MR. GRANT FOR A DRIVING UNDER THE INFLUENCE (DUI) CHARGE TO "STRIP" MR. GRANT OF HIS ▓ DRIVER'S LICENSE.

24. IN 2009, ISP TROOPER TYLER PRICE "STOPPED" MR. GRANT FOR AN ALLEGED IMPROPER LANE CHANGE.

25. ISP TROOPER TYLER PRICE FAILED TO MIRANDIZE MR. GRANT, AND FAILED TO OBTAIN A WARRANT TO DRAW MR. GRANT'S BLOOD.

26. ISP TROOPER TYLER PRICE ISSUED MR. GRANT MULTIPLE DUI TICKETS STEMMING FROM ONE TRAFFIC STOP.

27. THE SANGAMON COUNTY STATE'S ▓▓ ATTORNEY'S OFFICE FILED MULTIPLE DUI CASES AGAINST MR. GRANT STEMMING FROM ONE 2009 TRAFFIC STOP.

28. MR. GRANT WAS SOBER.

29. GREGORY K. HARRIS UNDERMINED MR. GRANT'S LEGAL DEFENSE BY COLLUDING WITH MR. GRANT'S LAWYERS (THE FIRMS: TIMONEY + PAGE AND SHARP + HARMON).

26. MR. GRANT WAS HIRED BY THE STATE OF ILLINOIS IN 2011 TO GIVE THE ILLINOIS ATTORNEY GENERAL CAUSE TO APPEAR IN COURT.

27. DEIRDRE 'D.K.' HIRNER MADE AN AGREEMENT WITH THE DOD IN THE EARLY 1990's TO HIRE MR. GRANT IN THE FUTURE.

28. D.K. HIRNER (CHIEF OF STAFF) HIRED MR. GRANT IN 2011 AS A POLICY ANALYST IN THE OFFICE OF THE ILLINOIS LIEUTENANT GOVERNOR.

29. ANN L. SCHNEIDER MADE AN AGREEMENT WITH THE DOD IN THE EARLY 1990's TO HIRE MR. GRANT IN THE FUTURE.

30. ANN L. SCHNEIDER (SECRETARY OF THE ILLINOIS DEPARTMENT OF TRANSPORTATION) HIRED MR. GRANT IN 2012 AS A STAFF ASSISTANT WITH THE ILLINOIS DEPARTMENT OF TRANSPORTATION (IDOT).

31. MR. GRANT WAS RETALIATED AGAINST FOR FILING AN ETHICS COMPLAINT AND ██████ A CIVIL RIGHTS COMPLAINT WITH THE STATE OF ILLINOIS IN 2012.

32. MR. GRANT ENDURED A HOSTILE WORK ENVIRONMENT, WORK PRODUCTS BEING SABOTAGED, WORK HOURS BEING MODIFIED, GEOGRAPHIC REASSIGNMENT, BEING ASSIGNED WORK TASKS BELOW MR. GRANT'S PAY GRADE, AND A PROMOTION BEING RESCINDED ██████.

37. IN 2014, MR. GRANT TRANSFERRED FROM IDOT TO THE ILLINOIS GOVERNOR'S OFFICE.

38. IN DECEMBER OF 2014, THE ILLINOIS GOVERNOR'S OFFICE FAILED TO ADD MR. GRANT TO PAYROLL.



⑤① HILLARY RODHAM CLINTON RECEIVED THE CAMPAIGN CONTRIBUTIONS DURING THE 2016 PRESIDENTIAL GENERAL ELECTION.

㊿ HILLARY RODHAM CLINTON LOBBIED FOR THE 1994 CRIME BILL IN EXCHANGE FOR FUTURE CAMPAIGN CONTRIBUTIONS FROM THE PRIVATE PRISON INDUSTRY.

㊾ HILLARY RODHAM CLINTON KILLED VINCE FOSTER TO PREVENT VINCE FOSTER FROM TESTIFYING AT THE WHITEWATER HEARINGS.

㊽ DICK CHENEY MADE $160 MILLION FROM HIS HALLIBURTON STOCK DUE TO THE WAR IN IRAQ.

㊼ DICK CHENEY LOBBIED FOR THE INVASION OF IRAQ TO GENERATE PROFITS FOR HALLIBURTON.

㊻ DONALD RUMSFELD GAVE A "STAND DOWN" ORDER ON 9/11 WITH THE CONSENT OF BUSH AND CHENEY.

㊺ THE DoD STOLE NEARLY THIRTY (30) YEARS OF MR. GRANT'S LIFE TO STATE AS FOLLOWS:

㊹ THOMAS W. CORTS AND JUSTIN CASIANOS SEXUALLY ASSAULTED MR. GRANT IN 2014 AT THE DIRECTION OF GREGORY K. HARRIS.

㊸ RIANN D. PARENTS AND LARISSA M. YOUNG SEXUALLY ASSAULTED MR. GRANT IN 2003 AT THE DIRECTION OF GREGORY K. HARRIS.

㊷ THE ILLINOIS ATTORNEY GENERAL DEFAULTED AND FAILED TO DENY MR. GRANTS ALLEGATIONS ■ IN 16-CV-3345 AND 17-CV-3267.

㊶ THE ACTIONS OF THE STATE OF ILLINOIS GAVE CAUSE FOR MR. GRANT TO APPEAR IN FEDERAL COURT.

㊵ IN 2015, MR. GRANT FOUND HIMSELF BLACKLISTED.

㊴ IN 2015, MR. GRANT WAS WRONGFULLY DENIED FEDERAL UNEMPLOYMENT BENEFITS BY THE ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY.

52) HILLARY RODHAM CLINTON SENT AMBASSADOR J. CHRISTOPHER STEVENS TO BENGHAZI, LIBYA AS A SUICIDE MISSION TO PREVENT THE AMBASSADOR FROM RELEASING A REPORT ADVOCATING THE DIVERSION OF FUNDS FROM IRAN TO LIBYA.

53) BILL CLINTON FIRED FEDERAL BUREAU OF INVESTIGATION DIRECTOR WILLIAM S. SESSIONS TO CONCEAL THE MURDER OF WHITE HOUSE COUNSEL VINCE FOSTER.

54) BILL CLINTON IS A SERIAL RAPIST.

55) BRUCE RAUNER BRIBED RAHM EMANUEL TO HIDE NATIONAL SECURITY REPORTS WHILE RAHM EMANUEL WORKED IN THE CLINTON WHITE HOUSE.

56) BRUCE RAUNER ASSISTED RAHM EMANUEL IN MAKING $14 MILLION IN THREE YEARS UPON LEAVING THE CLINTON WHITE HOUSE. BRUCE RAUNER WENT ON TO MAKE HUNDREDS OF MILLIONS OF DOLLARS THROUGH DoD INFORMATION TECHNOLOGY.

57) PHILIP MOUNTBATTEN "ORDERED" THE ASSASSINATION OF DIANA, PRINCESS OF WALES. THE BRITS NEED LOOK AT MI5.

58) THE HOUSE SAXE-COBURG & GOTHA STANDS UNITED.

59) THE HOUSE OF SAUD WAS COMPLICIT IN THE 9/11 TERRORIST ▮▮ ATTACKS.

60) THE CIA ORCHESTRATED THE ARAB SPRING.

61) JAMES R. THOMPSON FAILED TO PROSECUTE RICHARD J. DALEY FOR PUBLIC CORRUPTION IN EXCHANGE FOR RICHARD J. DALEY SUPPRESSING THE DEMOCRATIC VOTE TO ALLOW THOMPSON TO BECOME ▮▮▮▮ GOVERNOR OF ILLINOIS AS A REPUBLICAN.

62) RICHARD M. DALEY KILLED CHICAGO MAYOR HAROLD LEE WASHINGTON AND BERNARD EPTON.

63) JAMES R. THOMPSON ASSISTED RICHARD M. DALEY CONCEAL THE MURDER OF HAROLD LEE WASHINGTON AND BERNARD EPTON.

64) RICHARD M. DALEY'S SALE OF CHICAGO'S PARKING METERS IS ▮▮▮ FRAUD.

(65) ANITA ALVAREZ, COOK COUNTY (ILLINOIS) STATE'S ATTORNEY [redacted] ENTERED INTO A CONSPIRACY TO ALLOW CHICAGO COPS TO SHOOT BLACK PEOPLE FOR SPORT WITHOUT FEAR OF CRIMINAL PROSECUTION.

(66) O.J. SIMPSON KILLED NICOLE BROWN-SIMPSON AND RON GOLDMAN.

(67) LOUIS FARRAKHAN KILLED MALCOLM X.

(68) COURTNEY LOVE KILLED KURT COBAIN.

(69) MARION HUGH "SUGE" KNIGHT JR. KILLED CHRISTOPHER "BIGGIE SMALLS" WALLACE.

(70) MARION HUGH "SUGE" KNIGHT JR. BRIBED THE LOS ANGELES [redacted] POLICE DEPARTMENT TO CONCEAL SUGE KNIGHT'S ROLE IN THE MURDER.

(71) THE CIA ORCHESTRATED THE ARAB SPRING.

(72) THE CIA KILLED JOHN F. KENNEDY.

PRESCOTT BUSH

↓

[redacted] ALLEN DULLES

↓

LYNDON B. JOHNSON

E. HOWARD HUNT'S 2003 CONFESSION IS VALID. HUNT'S BODY WAS FAILING BUT HIS MIND WAS SOUND.

(73) HENRY KISSINGER IS [redacted] A WAR CRIMINAL FOR HIS ROLE IN THE VIETNAM WAR, CAMBODIA, CHILE, AND ARGENTINA.

(74) CHRIS CHRISTIE WAS COMPLICIT IN THE FORT LEE LANE CLOSURE.

(75) THE CIA TRIANGULATED AGAINST [redacted] THE DOD TO USE THE DOD TO [redacted] FULFILL THE CIA'S MANDATE TO CONTAIN COMMUNISM IN SOUTHEAST ASIA.

76) OPERATION: HOMETOWN GLORY IS A SPECIAL COLLECTION SERVICE (U.S. DEPARTMENT OF DEFENSE) HUMAN INTELLIGENCE DOMESTIC BLACK OPERATION RUN UNDER THE BANNER OF THE U.S. DEPARTMENT OF JUSTICE.

77) THE SPECIAL COLLECTION SERVICE IS A "JOINT" (CENTRAL INTELLIGENCE AGENCY (CIA) AND NATIONAL SECURITY AGENCY (NSA) PROGRAM.

78) THE COMMANDER-IN-CHIEF OF THE U.S. ARMED FORCES HAS COMMAND AUTHORITY OF THE U.S. DEPARTMENT OF ▬▬▬ DEFENSE AND CENTRAL INTELLIGENCE AGENCY.

79) THE OFFICE OF THE SECRETARY OF DEFENSE HAS COMMAND AUTHORITY OF THE U.S. DEPARTMENT OF DEFENSE.

80) THE CENTRAL INTELLIGENCE AGENCY IS LIABLE FOR THE ACTIONS OF THE SPECIAL COLLECTION SERVICE.

81) RES JUDICATA IS NOT APPLICABLE. THE U.S. DEPARTMENT OF JUSTICE HAS NOT FILED AN ANSWER IN 16-CV-3245, 17-CV-3261, AND 19-CV-3001. MR. GRANT'S LAWSUIT HAS NOT BEEN HEARD ON THE MERITS.

82) MR. GRANT'S WITNESSES
_____

MICHAEL J. MADIGAN
JESSE WHITE
EMIL JONES
PATRICIA DAWSON
BARACK H. OBAMA

83) MR. GRANT SEEKS $99 TRILLION IN DAMAGES.

84) THE DoD REMEMBERS 'NAM.



(9)

SDIA, SDGA, WDA[redacted] EDWI, ALND, ALSD, UTAH, NEW MEXICO

(85) THE ILND, ILCD, ILSD, COUA, WDTX, NDTX, FEDTX, NDGA, EDNY, NDW, [redacted] WDVA, MARYLAND, NEBRASKA, [redacted], EDNC, NORTHERN MARIANA ISLANDS, C.F.C, AND FED. CIR. HAVE NOT FOUND MR. GRANT'S ALLEGATIONS TO BE:

(86) THE NATIONAL SECURITY AGENCY AND U.S. NORTHERN COMMAND ARE A PART OF THE U.S. DEPARTMENT OF DEFENSE.

28 USC 1915(e)(2)(B)(i);
28 USC 1915(e)(2)(B)(ii);
OR
28 USC 1915(e)(2)(B)(iii).

[redacted lines]

(87) SHAWN CARTER IS THE BEST BIG BROTHER A KID COULD ASK FOR.

(88) STEVE JOBS HAS A LARGE PENIS. STEVE JOBS HAS AN ASHTON KUTCHER SIZE PENIS.

(89) THOMAS W. COATS HAS A SMALL PENIS. TOM HOPPER DOES NOT.

(90) FREDDIE STROMA IS THE SAME SIZE AS TOM HOPPER.

(91) TONY BLAIR SAID, "ENGLAND'S NOT DOWN. IT'S IN. ENGLAND IS NEVER DOWN."

(92) NATHANIEL IS THE BEST FRIEND A GUY COULD ASK FOR.

(93) WHEN YOU SEE: SALLY RIDE, IT STANDS FOR: "RIDE, MISTRESS, RIDE." D.K. HIRNER IS THE MISTRESS.

(94) THE COMMANDER-IN-CHIEF AND OFFICE OF THE SECRETARY OF DEFENSE HAVE COMMAND AUTHORITY OF THE U.S. CONTINENTAL MILITARY FORCES TO KEEP MR. GRANT IN ILLINOIS UNDER MILITARY FORCE THROUGH U.S. NORTHERN COMMAND.

(10)

W[signature]   8/26/2019

William Lee Grant II
901 Wythe Road
Springfield, IL 62702

(95) ILSD JUDGES: ~~███~~ MICHAEL J. REAGAN (17-CV-1257); NANCY J. ROSENSTENGEL * (18-CV-806); AND STACI M. YANDLE ** DID NOT FIND MR. GRANT'S ALLEGATIONS TO BE: 28 USC 1915(e)(2)(B)(i);

\* (19-CV-979 & 19-CV-1104)                    28 USC 1915(e)(2)(B)(ii);
\*\* (19-CV-332)                                                          OR
                                                              28 USC 1915(e)(2)(B)(iii).

(96) EDVA JUDGES: ROBERT E. PAYNE (18-CV-369); LIAM O'GRADY (18-CV-1328); LEONIE M. BRINKEMA (18-CV-449); AND ANTHONY J. TRENGA (18-CV-543) DID NOT FIND MR. GRANT'S ALLEGATIONS TO BE:

28 USC 1915(e)(2)(B)(i);
28 USC 1915(e)(2)(B)(ii);
OR
28 USC 1915(e)(2)(B)(iii).

(97) DISTRICT OF COLUMBIA JUDGES: TANYA S. CHUTKAN (17-CV-1434); JAMES E. BOASBERG (18-CV-1162); RUDOLPH CONTRERAS ~~████~~ (18-CV-1805 & 18-CV-1806); AND CHRISTOPHER R. COOPER (18-CV-1804) DID NOT FIND MR. GRANT'S ALLEGATIONS TO BE: 28 USC 1915(e)(2)(B)(i);
28 USC 1915(e)(2)(B)(ii); OR
28 USC 1915(e)(2)(B)(iii).

) ILND JUDGE VIRGINIA M. KENDALL (17-CV-7902) DID NOT FIND MR. GRANT'S ALLEGATIONS TO BE:

_Well_ _ea_ 9/2/2019                    28 USC 1915(e)(2)(B)(i);
WILLIAM LEE GRANT II                    28 USC 1915(e)(2)(B)(ii); OR
901 WYTHE ROAD                              28 USC 1915(e)(2)(B)(iii).
SPRINGFIELD, IL 62702          (11)

99) THE HIV/AIDS VIRUS IS A WORLD WAR II - JAPANESE VIRUS UNLEASHED ON THE POPULACE TO GENERATE PROFITS FOR THE PHARMACEUTICAL COMPANIES.

100) THE HIV/AIDS "COCKTAIL" CAME FROM THE PENTAGON.

101) THE ILLINOIS ATTORNEY GENERAL FAILED TO DENY ███ MR. GRANT'S ALLEGATIONS IN THE ILLINOIS COURT OF CLAIMS (18CC0946 & 18CC1057).

102) MR. GRANT BEGAN HIS LAWSUIT IN MAY OF 2016 IN THE ILCD WITHIN THE STATUTE OF LIMITATIONS.

103) THE U.S. CENTRAL COMMAND IS A PART OF THE DoD, AND IS LOCATED IN TAMPA, FLORIDA.

104) THE MIDDLE DISTRICT OF FLORIDA HAS NOT FOUND MR. GRANT'S ALLEGATIONS TO BE:
28 USC 1915(e)(2)(B)(i),
28 USC 1915(e)(2)(B)(ii), OR
28 USC 1915(e)(2)(B)(iii),

105) THE OFFICE OF THE SECRETARY OF DEFENSE USED JOINT SPECIAL OPERATIONS COMMAND (JSOC) LAWYERS TO ENGINEER MR. GRANT'S LIFE TO APPEAR IN FEDERAL COURT.

106) JSOC IS A PART OF THE U.S. CENTRAL COMMAND, AND BOTH JSOC AND U.S. CENTRAL COMMAND ARE A PART OF THE DoD.

107) ███████████████████

12) Well la 1/21/2020
WILLIAM LEE GRANT II
907 WITHE ROAD SPRINGFIELD IL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

WILLIAM LEE GRANT II,      )

     Plaintiff,        )

                      )

     v.                  )     Civil Action No. 1:20-cv-00173 (RDA-IDD)

                      )

CENTRAL INTELLIGENCE AGENCY,   )

*et al.*,                  )

                      )

     Defendant.      )

## ORDER

This matter comes before the Court on Defendant Central Intelligence Agency's ("CIA") Motion to Dismiss (Dkt. 8), and Plaintiff William Lee Grant II's ("Plaintiff") *pro se* Motions for Summary Judgment ("Summary Judgment Motions") (Dkt. Nos. 29; 32). Considering the Complaint (Dkt. 1), the CIA's Motion to Dismiss, Plaintiff's Opposition to the Motion to Dismiss (Dkt. 12), Plaintiff's Summary Judgment Motions, the CIA's Oppositions to Plaintiff's Summary Judgment Motions (Dkt. Nos. 33; 39), and Plaintiff's Reply in furtherance of his Summary Judgment Motion (Dkt. 34), and for the following reasons, it is hereby ORDERED that the CIA's Motion to Dismiss is GRANTED, and Plaintiff's Summary Judgment Motions are DENIED as moot.

### I.  BACKGROUND

At best, the allegations and claims that Plaintiff asserts in his *pro se* Complaint are incomprehensible, even under the appropriate standard for review of a *pro se* complaint (*infra*, p. 3-5). *See* Dkt. 1. On February 19, 2020, Plaintiff commenced this case, which he describes as a "Civil Liberties" action. *Id.* He filed suit against the CIA, "Special Collection Service," and "State

of Illinois." *Id.* In his Complaint, he asserts claim under the Amendments Four, Five, Eight, and Nine of the United States Constitution, as well as under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. *Id.* at ¶ 2. In support of these claims, Plaintiff has frivolously alleged that "[t]he Commander-In-Chief of the United States Armed Forces (Ronald Reagan) directed the Secretary of Defense to create [ ] [Plaintiff] to predict future nuclear attacks." *Id.* at ¶ 7. Plaintiff also makes various claims about pop culture, different United States government officials, and other public figures. *See e.g. id.* at ¶¶ 46; 47; 48; 49; 54; 57; 62 65; 66. Such claims include that "O.J. Simpson killed Nicole Brown-Simpson and Ron Goldman," that "Louis Farrakhan killed Malcom X," and that "Phillip Mountbatten 'ordered' the assassination of Diana, Princess of Wales." *Id.* at ¶¶ 57; 66; 67. The claims contained in Plaintiff's Complaint are baseless, and mention the CIA, "Special Collection Service," and the State of Illinois only in passing. *See generally* Dkt. 1.

What is more, Plaintiff has brought the same or similar claims to a host of various United States district courts, including this Court, multiple times. *See e.g. Grant v. CIA*, No. 1:19-cv-1228 (E.D. Va.), Dkt. 1; *Grant v. CIA*, 2:19-cv-512 (E.D. Va.), Dkt. 3; *Grant v. CIA*, 1:20-cv-1024 (C.D. Ill.), Dkt. 13; *Grant v. CIA*, 1:19-cv-1406 (C.D. Ill.); *Grant v. CIA*, 4:19-cv-839 (E.D. Ark.), Dkt. 3; *Grant v. CIA*, 1:19-cv-350 (W.D. Pa.), Dkt. Nos. 2-3; *Grant v. CIA*, 2:19-cv-5607 (E.D. Pa.), Dkt. Nos. 4-5; *Grant v. CIA*, 1:19-cv-1375 (C.D. Ill.), Dkt. 6; *Grant v. CIA*, 0:19-cv-2931 (D. Minn.), Dkt. 5; *Grant v. CIA*, 4:19-cv-373 (S.D. Iowa), Dkt. 3; *Grant v. CIA*, 4:19-cv-13422 (E.D. Mich.), Dkt. 4; *Grant v. CIA*, 1:19-cv-1695 (E.D. Wis.), Dkt. Nos. 3-4; *Grant v.CIA*, 2:19-cv-5052 (S.D. Ohio), Dkt. 5; *Grant v. CIA*, 1:19-cv-24780 (S.D. Fla.), Dkt. 4); *Grant v. CIA*, 2:19-cv-13747 (E.D. La.), Dkt. 5; *Grant v. CIA*, 1:19cv3377 (D.D.C.), Dkt. 3; *Grant v. CIA*, 1:19-cv-592 (D. Hawaii), Dkt. 6; *Grant v. CIA*, 4:19-cv-2967 (E.D. Mo.), Dkt. 3; *Grant v. CIA*, 4:19-cv-2969 (E.D. Mo.), Dkt. 4; *Grant v.*



*CIA*, 3:19-cv-1104 (S.D. Ill.), Dkt. No. 4; *Grant v. CIA*, 1:19-cv-285 (E.D. Tenn.), Dkt. 6; *Grant v. CIA*, 1:19-cv-174 (S.D. Ga.), Dkt. 8; *Grant v. CIA*, 2:19-cv-736 (D. Utah), Dkt. 5. One court has described Plaintiff as "a serial litigator, having filed over forty cases since 2016 in federal district courts nationwide." *Grant v. United States Dep't of Treasury*, 3:18-cv-14792018, WL 3216851, at \*1 (N.D. Tex. June 21, 2018). And generally, "Plaintiff's claims are based upon allegations of espionage and conspiracy that are fanciful, fantastic, or delusional, or that rise to the level of the irrational or wholly incredible. . . . [They are typically] part of a pattern of abusive litigation that Plaintiff has [ ] engaged in all over the country." *Grant v. CIA*, 4:19-cv-2969, 2019 WL 6050830, at \*2 (E.D. Mo. Nov. 15, 2019).

In this case, the CIA has moved to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 8. Plaintiff has opposed the Motion to Dismiss (Dkt. 12), and has twice moved for summary judgment (Dkt. Nos. 29; 32). The CIA has opposed both of Plaintiff's Summary Judgment Motions (Dkt. Nos 33; 39), and Plaintiff has filed a Reply in support of one of those motions (Dkt. 34).

The Court dispenses with oral argument as it would not aid in the decisional process. Local Civil Rule 7(J); Fed. R. Civ. P. 78. The matter is now fully briefed and is ripe for decision.

## II.   STANDARD OF REVIEW

### A.   Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when the court lacks jurisdiction over the subject matter of the action. Fed. R. Civ. P. 12(b)(1). A district court must dismiss an action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3). In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that the federal subject matter jurisdiction is proper. *See United States v. Hays*, 515 U.S. 737, 743

(1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). There are two ways in which a defendant may present a 12(b)(1) motion. First, a defendant may attack the complaint on its face when the complaint "fails to allege facts upon which subject matter jurisdiction may be based." *Adams*, 697 F.2d at 1219. Under this method of attack, all facts as alleged by the plaintiff are assumed to be true. *Id.*

Alternatively, a 12(b)(1) motion to dismiss may attack the existence of subject matter jurisdiction over the case apart from the pleadings. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *White v. CMA Contr. Co.*, 947 F. Supp. 231, 233 (E.D. Va. 1996). In such a case, the trial court's "very power to hear the case" is at issue. *Mortensen*, 549 F.2d at 891. The district court is then free to weigh the evidence to determine the existence of jurisdiction. *Adams*, 697 F.2d at 1219. "No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891.

### B. Rule 12(b)(6)

"Federal Rule of Civil Procedure 8(a)(2) . . . requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible under this standard when a plaintiff pleads factual content sufficient for a court to make a reasonable inference that a defendant is liable. *Id.* Allegations that

4

are conclusory are "not entitled to be assumed true." *Id.* at 681 (citing *Twombly*, 550 U.S. at 554-555). A court should "construe facts in the light most favorable to the plaintiff and draw all reasonable inferences in [her] favor . . . [but] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (internal citations and quotation marks omitted).

Though generally, "extrinsic evidence should not be considered at the 12(b)(6) stage," the United States Court of Appeals for the Fourth Circuit has opined that "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiff[] do[es] not challenge its authenticity." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). Further, this Court has recognized that "[a] document is integral to the complaint where it is significantly related to a cause of action, and it is authentic when it is not in dispute by the opposing party." *McGlothian v. Fralin*, No. 3:18-cv-507, 2019 WL 1087156, at *7 (E.D. Va. Jan. 23, 2019) (citations omitted).

That a *pro se* complaint should be liberally construed neither excuses a *pro se* plaintiff of his obligation to "clear the modest hurdle of stating a plausible claim" nor transforms the court into his advocate. *Green v. Sessions*, No. 1:17–cv–01365, 2018 WL 2025299, at *8 (E.D. Va. May 1, 2018), *aff'd*, 744 F. App'x 802 (4th Cir. 2018).

### III. ANALYSIS

#### A. Plaintiff's Claims are Precluded

The CIA argues that Plaintiff's Complaint is barred by *res judicata*, and therefore, this Court should dismiss the action. Dkt. 8, 8. The Court agrees.

"Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002). "The doctrine of *res judicata* encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel." *Id.*

"The rules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *Orca Yachts*, 287 F.3d at 318 (internal citations omitted). A claim is said to be precluded where three elements are met:

> 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding.

*In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). "Generally, claims are part of the same cause of action when they arise out of the same transaction or series of transactions." *Id.* at 1316.

In considering Defendants' *res judicata* argument, the Court may take judicial notice of the "facts from [ ] prior judicial proceeding[s] . . . ." *Brooks v. Arthur*, 626 F.3d 194, 200 (4th Cir. 2010) (internal quotations omitted) (citing *Andrews v. Daw*, 201 F.3d 521, 524 n. 1 (4th Cir. 2000)). While Plaintiff's claim in this case may be barred under the doctrine of claim preclusion due to a *host* of cases that he has previously filed, this Court will take judicial notice of a recent case that Plaintiff has filed in this Court, which on its own precludes Plaintiff from proceeding in the instant matter—*Grant v. CIA, et al.*, No. 1:19-cv-01228 (E.D. Va. 2019).

Here, the elements for claim preclusion are easily satisfied.

6

First, in *Grant v. CIA, et al.*, No. 1:19-cv-01228 (E.D. Va. 2019), Dkt. 24, this Court, "a court of competent jurisdiction in accordance with the requirements of due process," entered a final judgment on the merits. *See In re Varat Enterprises, Inc.*, 81 F.3d at 1315.

Second, in both this case and in *Grant v. CIA, et al.*, No. 1:19-cv-01228 (E.D. Va. 2019), the defendants were the CIA, "Special Collection Service," and the State of Illinois.

Third, in both matters, Plaintiff has alleged the same frivolous claims and asserts the same baseless causes of action. *Compare*, Dkt. 1, *with*, *Grant v. CIA, et al.*, No. 1:19-cv-01228 (E.D. Va. 2019), Dkt. 1.

Thus, this Court finds that this action is barred under the doctrine of claim preclusion, and the CIA's Motion to Dismiss is GRANTED as to all defendants.

### B.  Plaintiff's Summary Judgment Motions are Moot

Because the Court finds that Plaintiffs claims are barred by claim preclusion, Plaintiff's Summary Judgment Motions are DENIED as moot.

### IV.  CONCLUSION

Accordingly, for the foregoing reasons, it hereby ORDERED that the CIA's Motion to Dismiss (Dkt. 8) is GRANTED as to all defendants;

IT IS FURTHER ORDERED that Plaintiff's Summary Judgment Motions (Dkt. Nos. 29; 32) are DENIED as moot; and

IT IS FURTHER ORDERED that this matter is DISMISSED with prejudice.

It is SO ORDERED.

Alexandria, Virginia
January 7, 2021

COURT DID NOT FIND MR. GRANT'S
ALLEGATIONS TO BE:
28 USC 1915(e)(2)(B)(i);
28 USC 1915(e)(2)(B)(ii); OR
28 USC 1915(e)(2)(B)(iii).

/s/

Rossie D. Alston, Jr.
United States District Judge

1/21/21

**SJR**
The State Journal-Register

By John O'Conner
The Associated Press

August 22, 2014 11:43AM

Print Page

*EXHIBIT #7*

# IDOT broke hiring rules for years, report finds

The Illinois Department of Transportation circumvented rules devised to keep politics out of state jobs and improperly hired more than 250 people in the last decade, accelerating the practice under Democratic Gov. Pat Quinn, the state's top investigator decreed in a report released Friday.

Executive Inspector General Ricardo Meza reported that IDOT's use of "staff assistants" to skirt anti-patronage guidelines began in 2003 under former Gov. Rod Blagojevich, who's serving a federal prison term for political corruption. But it noted that the number of hires jumped from 52 in 2008 to 104 in 2011, the first two years after Quinn, now locked in a tight battle for re-election in November, took over for the ousted Blagojevich.



The Illinois Department of Transportation
headquarters

The report said investigators found no evidence that Quinn or his staff members were aware of impropriety, but former IDOT Secretary Ann Schneider, who resigned in June as heat grew on the administration over the hiring issue, said recommendations for agency hires came from Quinn's office.

The "vast majority" of hires "were chosen from those recommended to me or my staff by the governor's office," Schneider said in her response to the report. "Neither I nor my staff were in a position to reject the recommended positions."

Spokesman Grant Klinzman acknowledged that Quinn's office suggests applicants for eligible jobs, but he said the governor expects them to be hired according to the rules.

"The governor's office's expectation and understanding is, has been, and always will be that any candidate who is ultimately hired is doing the work of the position that candidate is filling," Klinzman said.

The mammoth report, which followed a three-year investigation, laid out a Byzantine process by which relatives, political supporters and friends of officeholders were hired as staff assistants, a job that the agency declared it could fill without publicly posting it and offering interviews to any qualified candidate. In many instances, those employees were then transferred — again without an interview — into jobs covered by the hiring rules, making it more difficult to remove them.

The impropriety "undoubtedly denied countless qualified candidates the opportunity to lawfully obtain state employment," the report said.

IDOT officials said the interview process is laborious and time-consuming when employees need to be hired quickly. Meza dismissed that claim.

"There was clearly agency mismanagement at the highest levels regarding the responsibilities they had," Meza told reporters in Chicago.

He said he had not talked to federal prosecutors, but he has the authority to share his findings with them if there is an inquiry.

Quinn got ahead of the release of Friday's report, calling on acting Transportation Secretary Erica Borggren to briefly tell reporters in Chicago — without mentioning the forthcoming report — that IDOT had decided to lay off the 58 current staff assistants at the agency, create a review board to oversee hiring, and freeze indefinitely the creation of any new positions that can be filled without strings.

That wasn't sufficient for Quinn's challenger in the November election, Republican Bruce Rauner, who in a prepared statement said Illinois residents "pay a significant corruption tax," adding that the patronage revelations "are just one more reminder why we need term limits on career politicians like Pat Quinn."

A U.S. Supreme Court ruling bars political considerations in most state government hires but allows political loyalty to be considered for jobs involving confidential information, policymaking or public statements. Meza found the staff assistant job descriptions included such tasks but that the employees were mowing grass, answering phones, setting up training and completing monthly supply requisitions.

Print Page

GRANT v DUNFORD

staff assistant position or who was aware IDOT was circumventing the (court-mandated) Rutan hiring process," according to the report.

Quinn aides who ~~███████████~~ said they assumed IDOT was following the rules and didn't notice the ballooning number of exempt positions. But ex-Transportation Secretary Ann Schneider, who lost her job over the scandal, said the "vast majority" of those hired outside routine channels were chosen by the governor's staff.

Emails between Quinn aides and IDOT officials during 2011 support that claim: An attachment labeled "Lavin List" contains the names of job candidates apparently submitted to IDOT by Quinn's then-Chief of Staff Jack Lavin.

We don't think for a minute that IDOT is an island of hiring violations in a sea of compliance. That's why it's important to determine what went on in the governor's office — and whether other state agencies were engaged in similar abuses.

Brennan has her work cut out for her. And taxpayers, you'll get the bill.

**Join in the discussion on the Chicago Tribune Editorial Board's Facebook page or on Twitter by following @Trib_Ed_Board.**

Copyright © 2016. Chicago Tribune

**This article is related to:** Illinois Department of Transportation, Executive Branch, Rod Blagojevich, Opinion, Editorials





By authority of the Board of Trustees of the

# UNIVERSITY OF ILLINOIS

and upon recommendation of the Senate

at Springfield

## William Grant

has been admitted to the Degree of

## Bachelor of Arts in Psychology

and is entitled to all rights and honors thereto appertaining
Witness the Seal of the University and the Signatures of its Officers
this eighteenth day of December, two thousand and ten.



Chair of the Board of Trustees

Michele M. Thompson
Secretary of the Board of Trustees

President of the University of Illinois

Interim Vice President of the University of Illinois
Interim Chancellor of the Springfield Campus

EXHIBIT IN SUPPORT
OF COMPLAINT

GRANT v DUNFORD

# Springfield High School

District No. 186, Springfield, Illinois

This Certifies That

## William Lee Grant

has complied with the requirements of the Illinois State Board of
Education and of the Board of Education of Springfield Public School
District No. 186, Springfield, Illinois, and is hereby awarded this

## Diploma

Given at Springfield, in the State of Illinois,

this twenty-ninth day of May, 2004.

President, Board of Education

Principal

Superintendent of Schools