UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WILLIAM LEE GRANT, II,<br>    Plaintiff, | )<br>)<br>)<br>) |  |
| v. | )<br>) | Civil No. 21-11358-NMG |
| UNITED STATES OF AMERICA,<br>    Defendant. | )<br>)<br>)<br>) |  |

REPORT AND RECOMMENDATION
[Docket No. 6]
September 2, 2021

Boal, M.J.

I. INTRODUCTION

Plaintiff William Lee Grant, II filed in the Trial Court of Plymouth County in July 2021, a pro se complaint against Ret. General Joseph F. Dunford, Jr. Ret. General Dunford removed the case to the United States District Court for the District of Massachusetts, see Docket No. 1, and the United States was substituted as sole defendant under 28 U.S.C. § 2679. See Docket No. 5. The defendant has moved for judicial screening, to set aside default, and for stay of responsive pleading deadline. See Docket No. 6.

For the following reasons, this Court recommends[1] that the District Judge assigned to this case grant the motion to the extent that the default should be set aside, and the action should be dismissed. This Court also recommends that Judge Gorton should enter an order enjoining Grant from filing further pro se complaints against Ret. General Dunford and other federal officials without leave from the Court.

---

[1] On August 24, 2021, Judge Gorton referred this motion to the undersigned United States Magistrate Judge. Docket No. 8.

II.     BACKGROUND

Grant previously filed a complaint against Ret. General Dunford in the United States District Court for the District of Massachusetts. Grant II v. Dunford, et al., 21-10478-WGY (D. Mass. May 6, 2021) (dismissing complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and warning that Grant could be subject to sanctions should he continue to file similar actions). Judge Young's May 6, 2021 Order noted that Grant has filed similarly frivolous actions throughout the country. Id. at p. 2 (citations omitted). In its motion, the defendant states that the instant action is "nearly identical" to two complaints filed in Illinois state courts that were removed to federal courts in Illinois. Docket No. 7 at p. 4 (citations omitted). As noted by the defendant, several federal court judges have described Grant as a serial filer of frivolous litigation, having filed over 130 cases as of 2019 and asserting what appear to be the same kind of frivolous claims that he attempts to assert in the instant action. Id. at p. 1.

III.    STANDARD OF REVIEW

The defendant seeks preliminary screening of this action. First, the defendant contends that because the state court allowed Grant a waiver of payment of court fees, this action is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). Several federal district courts have found that the screening provision applies where plaintiffs sought to proceed in forma pauperis in state court before removal to federal court. See, e.g., Tsuchiya v. Texas, C.A. No. 14–CV–64–O, 2014 WL 1329127, at *1 (N.D. Tex. 2014) (collecting cases).

Notwithstanding screening under 28 U.S.C. § 1915(e)(2), the court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad faith, vexatious, wanton, or oppressive behavior.  See Chambers v. Nasco, Inc., 501 U.S. 32, 46–50 (1991); accord United States v. Kouri–Perez, 187 F.3d 1, 6–8 (1st Cir. 1999) (same).  The court may screen and, if appropriate, dismiss this action.  See, e.g., Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 307-08 (1989) (in forma pauperis statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

IV.   DISCUSSION

Despite warnings and sanctions, Grant has not been deterred from filing frivolous lawsuits against Ret. General Dunford and other federal officials.  When a "litigant has demonstrated a 'propensity to file repeated suits involving the same or similar claims' of a 'frivolous or vexatious nature,' a bar on further filings is appropriate."  Lu v. Menino, 98 F. Supp. 3d 85, 108 (D. Mass. 2015) (citations omitted).  "[L]itigiousness alone, however, does not support an injunction against a plaintiff.  Any restrictions imposed by a court must be tailored to the specific circumstances presented.  The decision to issue an injunction is within the discretion of this court."  Id. (internal quotation marks and citations omitted).

Here, the allegations in the complaint are nonsensical, yet they have been the subject of repeated filings both here and in other federal district courts.  Grant has already been warned that he could be subject to sanctions should he continue to file lawsuits such as the instant action in this district.  See Grant II v. Dunford, et al., 21-10478-WGY (D. Mass. May 6, 2021).  Accordingly, the instant action should be dismissed as frivolous.

V.   RECOMMENDATION

In accordance with the foregoing, this Court recommends that the defendant's motion be granted as follows:

1.   The default entered by the state court be set aside;

2.   Plaintiff's complaint be dismissed as frivolous; and

3.   Plaintiff be enjoined from filing in the District of Massachusetts further pro se complaints against Ret. General Dunford and other federal officials without leave from the Court.

VI.   REVIEW BY DISTRICT JUDGE

Grant is hereby advised, pursuant to Fed. R. Civ. P. 72, that if he objects to this recommendation, he must file specific written objections thereto with the Clerk of this Court within 14 days of his receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation or report to which objection is made and the basis for such objections.  Grant is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review.  See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge